**DERBIGNY vs. PEIRCE, Dative Testamentary Executor, &c.**    EASTERN DIS.
*May*, 1841.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH AND CITY OF
NEW ORLEANS.

The order of the Court of Probates for the registry and execution of a will and appointment of a Dative Testamentary Executor form a judgment, which must have its effect until reversed by appeal, or action of nullity.

An action of nullity will not lie, unless for some one of the enumerated grounds mentioned in the Code of Practice.

DERBIGNY
*vs.*
PEIRCE,
DATIVE
TESTAMENTARY
EXECUTOR, &c.

| 18L | 551 |
|-----|-----|
| 51 | 175 |

| 18 | 551 |
|-----|-----|
| 111 | 679 |

The plaintiff admitted he was indebted to the succession of the late Francisco Tacon, in the sum of $11,000, which he was ready and desirous of paying, but he denied that the defendant was properly authorized to receive it and give him a valid acquittance therefor. He prayed that Levi Peirce, Esqr., be cited and that the order of court appointing him Dative Testamentary Executor be annulled and set aside; and that the court provide for the disposal of said sum of money, and for his valid discharge and the release of mortgage resulting therefrom.

The defendant averred he was regularly and legally appointed Dative Testamentary Executor of the last will of Francisco Tacon, deceased, and as such authorized to receive the debt due his estate ; and that by substitution he is also attorney in fact and agent of Louis Potestad the executor of said decedent in Philadelphia, and he annexes his powers. He prayed for general relief, &c.

Upon these pleadings and issues the parties went to trial.

The Judge of Probates decided that this was an action of nullity, but he was unable to perceive any nullity in the order, sought to be annulled. There was judgment dismissing the suit and the plaintiff appealed.

*Labarre*, for the plaintiff.

*Defendant* in *propria persona*.

*Martin, J.* delivered the opinion of the court.

EASTERN DIS.
May, 1841.

DERBIGNY
vs.
PRINCE,
DATIVE
TESTAMENTARY
EXECUTOR, &c.

The plaintiff acknowledges himself to be a debtor of the estate of the late Francisco Tacon, and alleges that the appointment of the defendant as Dative Testamentary Executor of the deceased, is illegal and void; the testator having left an executor who qualified under the will in the City of Philadelphia; the place of the testator's decease. He prays that the appointment be rescinded; and that the court make such provision as will enable him to liberate himself by paying what he owes to said estate, to some person duly authorized to receive it.

The defendant answered that besides being dative executor as aforesaid he is the attorney in fact of the executor under the will, who resides in Philadelphia; and as such is authorized to receive the money and grant a full discharge of the debt and mortgage.

The Court of Probates considered this action as one of nullity, and declared that it was unable to perceive any ground of nullity; dismissed the suit. The plaintiff appealed.

The counsel of the plaintiff contends; 1. That the pretended testament, offered in evidence, is nothing but a copy of a transaction made in Philadelphia of an instrument of writing purporting to be a testament. 2. That the testament or a copy with the necessary authentication can alone be received in evidence; and that neither a translation or a copy of a translation made out of the state, can be considered as legal evidence in our courts. 3. The Probate Court had no evidence before it upon which to order the execution of the will; nor to appoint a dative testamentary executor.

The order of the Court of Probates for the registry and execution of a will and appointment of a Dative Testatmentary Executor form a judgment, which must have its effect until reversed by appeal or action of nullity.

It appears to us that the order for the registry and execution of the will, and the appointment of a dative testamentary executor, form a judgment which must have its effect until it be reversed by appeal in this court; or in an action of nullity in the Court of Probates. The plaintiff has resorted to the last mode; and the Court of Probates has correctly concluded that he has mistaken his remedy. The original judgment sought to be set aside, in the present suit, is not appealed from. We

therefore cannot attend to any objections to its correctness or legality.

The judgment in the action of nullity is the only one before us. The legislature has spec'-lly enumerated in the Code of Practice, the grounds on which a judgment can be declared null by the court which had rendered it; C. Pr. art. 606, 607 and 608. The nullity sought is not enumerated in any .of the above articles, and the grounds set forth do not exist in the case before us.

The plaintiff required the Court of Probates to make some provision ·for his liberation from the debt by a valid· payment which he declared he was ready to make. Had he pointed out a specific provision he might have called on us to say whether the court erred in refusing to make it. The court was not bound to select any, on a general proposition for relief. He would not have been assisted by the reversal of the judgment of the Court of Probates.

It is therefore ordered, adjudged and decreed that the judgment of the Probate Court be affirmed with costs.

EASTERN DIS.
*May*, 1841.

