The opinion of the court was delivered by
Manning, C. J.
This suit is for the nullity of a judgment on the ground that it was rendered on false documents and false testimony, fraudulently introduced in evidence. The defendant excepted peremptorily as follows :
1.That the petition discloses no cause of action.
2.The matters therein complained of have been already adjudged.
3.The judgment now sought to be annulled was appealed by the plaintiff, which appeal was not prosecuted.
4.That this suit is virtually a motion for a new trial.
The exception was sustained, and the suit dismissed, and we think correctly.
The plaintiff had sued the defendant in March 1877 to recover a tract of land, and judgment was rendered for the defendant in the following December, from which the plaintiff prayed and obtained an order of appeal to this court, returnable at the February Term 1878. She abandoned that appeal, and in March of same year instituted this suit.
The ‘false documents’ are said to be copies of a pretended mortgage, and of three notes mentioned in and secured by it, executed by Rue to the plaintiff in 1874, which were introduced to shew that while the plaintiff claimed in her suit to have bought this land from Rue in 1872, and to have owned it ever since, she nevertheless accepted from him a mortgage upon it in 1874. The ‘ false testimony’ is charged to be that of Tournoir, the notary who drafted those documents. It nowhere appears how either the testimony or the documents were, or could be, *288 fraudulently introduced in evidence. The trial was open and public. The plaintiff’s counsel was present conducting it, and there is no intimation that the evidence was introduced in other than the usual mode. The plaintiff alleges in her action of nullity that she was entirely taken by surprise by the introduction of this evidence in the former suit. There was no motion for a new trial, but an appeal was taken and abandoned as already narrated.
There are four vices of form for which a judgment can be annulled, after reciting which, it is provided that nullity may be pronounced in all cases where it appears that the judgment has been obtained through fraud, or other ill-practices, on the part of him in whose favour it was rendered; — as if he had obtained it by bribing the judge or the witnesses, or by producing forged documents, etc. Code Prac. arts. 606-7. One of the earliest interpretations of this article extended the relief to a case where the document was not forged (which is the term used in the article) but merely false. Beauchamp v. M’Micken, 7 Mart. N. S. 605. Later, it was broadly stated that a judgment may be annulled for a cause, not expressly included in those mentioned in the Oode of Practice, when the party attacking it shews he will sustain real injury unless relieved, and this relief cannot be had on appeal, and the case presents facts, on which, a court of equity in other of the States would interfere. Chinn v. Municipality, 1 Rob. 523. And this must be considered as overruling Derbigny v. Pierce, 18 La. 551, as it is approved, and the principle is re-affirmed in Norris v. Fristoe, 3 Annual, 646, and Swain v. Sampson, 6 Annual, 799. But the party applying for relief must not have been guilty of laches, or of negligence. He must exhibit a case where an execution of the judgment would be against good conscience, and it must shew matter, of which the defeated party could not avail himself in the trial of the former suit, or that he was prevented from availing himself of by accident or fraud, or could not have known of before by reasonable diligence.
The existence of the alleged false documents was known to the plaintiff before and at the trial of the first suit. The false testimony of the notary is alleged to be different from his testimony in another case, and the petition now before us states one of the reasons for surprise to be that plaintiff knew what the notary had sworn to before. No effort appears to have been made to contradict him, or confront him with his previous testimony, or to discredit him in any way. The plaintiff appears to have proceeded with that trial, paying but little heed to this testimony, written and oral, and after judgment to have been so well satisfied of its error as to appeal from it. There was no application for a continuance because of surprise, and no motion for a new trial, nor any other effort for her protection. Yery clearly she has not brought *289 lierself within the terms of the Code of Practice, even when enlarged by the judicial construction we have noticed.
The plaintiff’s counsel calls our attention to the term employed in the note of evidence as descriptive of the evidence offered, i. e. the * proceedings ’ and minutes of court in the former suit, and he insists that ‘ proceedings ’ are the minutes and nothing olse, and therefore neither the petition, answer, testimony, nor judgment should have been copied in the record. It evidently was not so understood on the trial. If the plaintiff found the defendant was introducing under the term ‘ proceedings’ what was not properly included under that designation, he should have objected then and there. If we should require of the clerks an adherence to philological accuracy in the employment of terms in their notes of evidence, more than half of the transcripts filed in this court would be found defective.
Judgment affirmed.