RABASSA
*vs.*
PASSEMENT ET
AL.

McMICKEN *vs.* MILLAUDON.

APPEAL FROM THE COURT OF THE THIRD DISTRICT,
THE JUDGE THEREOF PRESIDING.

No matter can be urged to delay the execution of a judgment which
might have been presented on a trial of the cause.

The judgment cannot include interest if none be given by the verdict,
but such an error furnishes no grounds for an injunction; nor is it a
cause of nullity.

The plaintiff obtained an injunction against the execution
of a judgment which the defendant had recovered against
him, and prayed that it might be declared null, for the follow-
ing grounds: 1. That on the trial of the cause, the defen-
dant denied, on oath, certain fasts, which the plaintiff was
now able to establish by the books of the defendant, and
other competent evidence. 2. That the judgment did not
pursue the verdict, in this, that it gave interest, when no in-
terest was given by the verdict. 3. That the defendant still
held certain notes, which the plaintiff had transferred to
him as collateral seeurity, although he had obtained judg-
ment for that amount. 4. That the mortgage given by
plaintiff, to secure the payment of the debt, was uncancelled
and still held by the defendant.

The court below dismissed the suit and dissolved the in-
junction, on the defendant's plea of *res judicata.* The plain-
tiff appealed.

*Ripley* and *Downs,* for appellant, contended :

That the plea of *res judicata* could not be taken in an ac-
tion of nullity, and cited C. P. art. 204; Moreau and Carl-
ton's Partidas, 283, 4 Law 19; Beauchamp vs. McMicken,
7 Mar. Rep. n, s.; 1. Pothier 536 N. 6, 544 to 547 No. 17
to 27: 10 Toulier. 223, No. 157; 229, No. 162.

*Pierce,* contra,

By the plaintiff's own shewing, there is no cause for an injunction.

*Porter, J.*, delivered the opinion of the court.

This suit was brought to obtain an injunction against the execution of a judgment which the defendant had recovered against the plaintiff.

The petitioner lays these grounds for it:

*First,* That he transferred notes and account, previous to the judgment to the defendant's attorney, which he had not received credit for: *Second,* That the verdict of the jury was for a certain sum, and that the court gave interest on it, which is erroneous: *Third,* That the defendant still holds the notes he received as collateral security; and that the notes should have been transferred to the petitioner before judgment was rendered, and should yet be transferred before it is enforced: *Fourth,* That the defendant still holds the original mortgage for the debt on which the judgment was rendered, and that it is still uncancelled, though he has been requested to do so.

The petition states, that the plaintiff was condemned on the former trial, because he had not his evidence ready, but that on a new investigation, he will be able to show, that the judgment rendered against him was erroneous, and that part of this evidence, he believes, will be obtained from the books of the defendant.

The court below on hearing, dissolved the injunction upon the matters appearing on the petition. It acted correctly in doing so. The only thing which appears strange to us is, that it should be granted on such allegations. All the matters now urged to delay the execution, either were, or ought to have been, presented as a defence when the plaintiff contested the defendant's action, and it is now too late to claim the benefit of them. From this remark, however, must be excepted, the complaint that the judgment was erroneous in

No matter can be urged to delay the execution of a judgment which might have been presented on a trial of the cause.

Eastern District,
*January* 1831.

M'MICKEN
*vs.*
MITLAUDON.

The judgment cannot include interest if none be given by the verdict, but such an error furnishes no grounds for an injunction, nor *is it* a cause of nullity.

giving interest where the verdict did not find any. But such an error, if there was such a one, furnishes no ground to enjoin the judgment. There must be an end to litigation at some time, and in some place. And if on errors, real or alleged, causes were to be tried again, after judgment unappealed from, or after those rendered in the last resort, they would never terminate. This is no cause of nullity—it is not pretended it was through the corruption of the judges, or the fraud of the defendant, that interest was given from judicial demand, when it ought not to have been given.

We have rarely seen a case where the right to apply for an injunction, and that of appealing to the court, have been more misapplied from the purposes for which they were given, than this case presents; and parties must be taught, by all the means within the power of this court, that remedies given for their protection, are not to be used as a means of inflicting injury on others.

It is therefore ordered, adjudged, and decreed, that the judgment of the Dissrict Court be affirmed with costs.—And it is further ordered and decreed, that plaintiff in injunction, pay to the defendant, the sum of ten per cent. on the amount of the original judgment. viz: on two thousand and forty-three dollars, as a penalty for the frivolous appeal in this case.