DEBLANC
*vs.*
WEBB ET AL.

---

## DEBLANC *vs.* WEBB ET AL.

APPEAL FROM THE COURT OF THE PARISH AND CITY OF NEW-ORLEANS.

The rules relative to answers to interrogatories on facts and articles, are more rigid than those which govern ordinary answers.

A garnishee not answering when interrogated on facts and articles cannot avoid the legal effect of his negligence.

*Crawford,* for appellants.

1. The answers were not categorical; all the questions were not answered. *Code of Practice, arts.* 246, 247, 348 and 349.

2. They could not be amended, as they contained an admission of funds in the garnishees' hands, and a judicial confession cannot be retracted. *New Civil Code, art.* 2270.

3. The cotton, or its proceeds, was still liable to be attached by the creditors of Webb & Co.

4. It had never ceased to be his property. *Code of Practice,* arts. **241, 246.**

*Conrad,* for appellees.

The decision is correct, the appellants not having answered the interrogatories propounded to them as garnishees, in the manner required by law.

The facts are fully stated in the opinion of the court pronounced by MATHEWS, J.

This suit was commenced by attachment; and Willcox & Fearn were cited as garnishees, and interrogatories propounded to them to ascertain whether they had in their possession any property or funds belonging to the defendant, or were in any manner indebted to him at the time the interrogatories were served on them.

These interrogatories were three in number. The two first had reference to property and funds in the hands of the garnishees; and the third is an inquiry, whether they were indebted to the defendant. They did not answer the questions separately, but in a general answer acknowledged that they had cotton and money in their hands belonging to the defendant, to the amount of one thousand four hundred and eighteen dollars and ninety cents; with instructions from the owner to apply the same to the payment of the respective debts of De Blanc & Lavillebeuvre, of nine hundred and seven dollars and eighty-nine cents, with interest; of Rogers & Slocomb, of three hundred and seventy dollars and seventy-eight cents, with interest; of William A. Gasquet. & Co., of nine hundred and forty-eight dollars and seventy-nine cents, with interest; and that, agreeably to their instructions, they promised to pay to each of these creditors a proportionable part of said sum of one thousand four hundred and eighteen dollars and seventy-nine cents, according to the amount of their debts, &c.

After this answer was filed, the creditors, to whom the garnishees had made the communication and promises, as

EASTERN DIS.
February, 1833.
══════════
DEBLANC
vs.
WEBB ET AL.

therein stated, intervened and prayed that the attachment might be dissolved, and for a judgment in their favor, &c.

The defendant, in the attachment, appeared and answered, by declaring that the instructions, as stated in the answer of the garnishees, had been given to them. The plaintiff answered the petitions of the intervening parties by a general denial.

On these pleadings, without any further evidence being adduced, (for none appears on the record,) the plaintiff moved for judgment against the garnishees, personally, on the ground that they had not fully answered to the interrogatories, and that their omission to do so, amounted to an admission of funds, which made them liable for the plaintiff's demand; whereupon, the counsel for the defendant intervenes, and garnishees offered to have said answer made more full and explicit, by stating, on oath, that they were not indebted to the defendant, which was refused by the court below, and bill of exceptions taken, &c.

The court then proceeded to give judgment against the defendant and in favor of the plaintiff for the whole amount by him claimed, and ordered it to be paid by the garnishees; from which they and the intervenors appealed.

The record does not contain any statement of facts, nor have errors been assigned as being apparent on its face; the case is, therefore, placed before this court solely on the bill of exceptions; and, consequently, we have only to determine whether the judge *a quo* erred in his opinion on this part of the cause.

A case, in which a garnishee claimed the right to amend his answers to interrogatories, (*it is believed*) never was agitated before the courts of this state, previous to the present. The practice of allowing amendments to petitions and answers made in the ordinary manner, when such amendments evidently tend to the furtherance of *justice*, has always been adopted and liberally acted on, under the provisions of our jurisprudence. But, answers required to be made under oath, to interrogatories *on facts and articles*, ought not to be considered as coming within the scope of these provisions.

EASTERN DIS.
*February,* 1833.

DEBLANC
*vs.*
WEBB ET AL.

The rules relative to answers to interrogatories on facts and articles, are more rigid than those which govern ordinary answers.

The rules relating to such answers appear to be different from those which govern in ordinary answers to actions; they are, of necessity, more rigid and unbending in order to hasten the administration of justice. Sufficient time is always allowed to the defendant to examine the questions, and weigh well his responses before committing them to writing. The object of such interrogatories is to elicit truth, and ample opportunity is afforded to the person interrogated, to answer clearly, fully and unequivocally. If he does not properly avail himself of such opportunity, it is his own fault. A practice once admitted of allowing suitors to amend their affidavits *ad libitum,* would probably induce inconvenience and delays, and might have a tendency, in many instances, to lead to perjury. And although we do not apprehend the slightest danger of the latter in the present case, still, rules of practice must be acted on in relation to cases in general. A strict adherance to the articles of the *Code of Practice,* which relate to the answers of garnishees, may, in the instance now before the court, operate an injustice to the appellants; but private loss or injury must often be tolerated in support of public good, and individual inconvenience yield in support of sound general principles.

The appellee relies mainly for an affirmation of the judgment rendered against the garnishees, on the *articles* of the *Code of Practice,* 246, 247, 262, 263, 348 and 349; and the *art.* 2270 of the *La. Code.* The two first of these articles relate to the right of a plaintiff, on attachment, to make third persons parties as garnishees, and to interrogate them *on facts and articles.* The next two relate to the consequence of refusal or neglect to answer by garnishees. The two last have reference to interrogatories allowed to be put either by plaintiffs or defendants, and the consequences of neglect or refusal to answer. The article cited from the *Louisiana Code,* contains provisions in relation to judicial confessions.

The articles 262 and 263, are those which bear more immediately on the question before the court. The first provides, that "a garnishee who has been cited in a suit must put in his answer within the usual delay, &c.; and if interrogated

EASTERN DIS.
February, 1833.
═══════════
DEBLANC
vs.
WEBB ET AL.

on facts and articles, he must answer, under oath, clearly and categorically, each question put to him touching such matter." The second provides, that " if the garnishee to whom interrogatories have been .put, refuse or neglect to answer the same under oath, in the delay of the law, such refusal or neglect shall be considered as a confession of his having in his hands property belonging to the debtor, sufficient to satisfy the claim made against such debtor, and judgment shall be rendered against him, &c.

In the present case, the answer of the garnishees appears to be fully responsive to the two first interrogatories put; and although they do not appear to have been answered separately, the answer, as to them, may be considered categorical, being direct, absolute and positive. This answer admits funds belonging to the debtor in their hands, but alleges, that at his instance, they had promised to pay them over *pro rata* to several of his creditors, before service or notice of the interrogatories; a circumstance which would probably have released these funds from the plaintiff's attachment.

But no answer whatever is made to the third interrogatory, by which the garnishees were questioned as to their indebtedness to the defendant. The counsel for the appellants, however, contends that the answer to the two first imply a negative response to the third. This we think by no means a necessary or legal *sequitur.* That they had funds in their hands is shown by their answer; but they might at the same time have been indebted to the principal defendant in a farther sum, and having declared that these funds had received a distinction which would probably prevent the attachment from holding them, they ought to have answered the third interrogatory categorically, stating personally whether they were or were not indebted to the defendant. By neglecting to do this, they have subjected themselves to have a judgment rendered against them for the amount claimed by the plaintiff according to the spirit of the *art.* 263 of the *Code of Practice.*

To permit the garnishees now to avoid the legal effect of their negligence in not answering this interrogatory, would,

A garnishee not answering when interrogated on facts and articles, cannot avoid the legal effect of his negligence.

in our opinion, violate express law on the subject, and might, in other cases, lead to prevarications and unsuccessful delays in the administration of justice.

EASTERN DIS.
February, 1833.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be affirmed, with costs.