RICHARD H. CHINN *v.* THE FIRST MUNICIPALITY OF THE CITY
OF NEW ORLEANS.

Where a judgment has been obtained against a party, in a case not expressly in-
cluded among those in which the Code of Practice prescribes that an action of
nullity will lie, and he shows that he will sustain real injury unless he can obtain
relief, which cannot be had on appeal, and the case presents facts on which, in
the other states of the Union, a court of equity would interfere, relief may be
granted; but not unless the applicant state particularly and specially the nature of
the defence, and the facts on which he seeks relief, and prove that he has been guilty
of no *laches.* It will not suffice to allege, that he has a good and valid defence to
the action.

RULE to show cause why a mandamus should not be issued to
the judge of the District Court of the First District, *Buchanan,* J.

MARTIN, J. The judge of the First District, in answer to a rule
to show cause why a mandamus should not be issued, commanding
him to grant an injunction on the petition of the First Munici-
pality, states:

*First,* That the injunction, asked by the Municipality, would
be a renewal of another theretofore granted and dissolved; and
from the dissolution of which there is no appeal.

*Secondly,* That the allowance of the injunction was a matter in his
discretion, which was duly exercised; and for this he refers to the
record of the suit.

The rule was granted, on the affidavit of the Municipality, that
shortly after the rendering of the judgment against it, a petition
was presented, praying that its nullity might be declared, and that
the execution of it might be enjoined. The injunction obtained
was dissolved, on the ground that the facts on which it was claimed
had not been sufficiently set forth. Whereupon, a second petition
was presented, in which the deficiencies of the first were attempted
to be supplied, and a second injunction was prayed for, with a ten-
der of the bond and security required by law. The judge refused
to allow the injunction.

The original petition averred that a judgment by default taken
against the Municipality had been confirmed, and made final. It al-
leged, that both the judgment by default, and the final one, are null,
because before either was obtained, the attorney of the Municipa-

lity had prepared an answer, which he had sent, and which had been delivered to the clerk of the court, or to one of his deputies, which answer was lost. In the second petition, the insufficiency of the first was attempted to be supplied, by an averment that the answer prepared by their attorney contained the plea of the general issue, and that the Municipality had a good and valid defence, which it would have established on the trial of the suit, if an opportunity had been afforded to it to do so.

The verity of the allegations in both petitions, was attested by the mayor, and by the individual by whom the attorney of the Municipality had sent the answer to be filed.

This action does not expressly present one of those cases, in which, the Code of Practice declares that an action of nullity will lie ; but we are not ready to say, that after a judgment has been obtained, by which the party shows that he will sustain a real injury unless he can obtain relief, and that relief cannot be sought in this court, it may not be obtained in the lower court, where the case presents facts, on which, in the other states of the Union, a court of equity would interfere. But the applicant must show specifically the facts on which he seeks relief. It does not suffice for him to say, that he has a good and valid defence. He must state particularly and specially, what that defence is ; and he must show that he has been guilty of no *laches*. In the present case, the party is not able to show whether the answer was given to the clerk, or to one of his deputies. It does not appear that, on the part of the defendants, any attention was paid to the case, until after the execution reached the hands of the sheriff. The plea of the general issue, we assume, was disproved; for otherwise, the judgment could not have been made final. It is not pretended that the plaintiff had recourse to any improper means to obtain the judgment ; and the Municipality has not shown, nor even averred, specially, any particular fact, which may lead to the conclusion that another trial would produce a different result. The allegations on which the extraordinary remedy sought for is expected, are too general and indefinite. The rule must, therefore, be discharged.

*Roselius*, for the applicants.

*Chinn, pro se.*