## NORRIS *v.* FRISTOE, Administratrix.

The right to annul a judgment is not restricted to the cases specially enumerated by art. 607 of the Code of Practice. But to entitle a party to such relief, a case must be made out showing that it would be against good conscience to execute the judgment, and that the plaintiff could not have availed himself of the matter in the former litigation, or was prevented by fraud or accident from so doing. If there has been *laches* or negligence, the party cannot be relieved. The matter must be such as the defendant could not, by reasonable diligence, have known.

The release of the sureties of an administratrix authorizes the heirs or creditors to compel her to give new security, but does not deprive her of the right to collect the debts of the succession, until removed from office.

APPEAL from the District Court of Catahoula, *Barry*, J. *Purvis*, for the appellant, cited C. P. 607, 608, 613. C. C. 1119, 1125, 3522 § 31. 12 La. 396. 15 La. 58. 11 La. 419. 1 Rob. 115. *Mayo*, for the defendant, relied on 2 La. 181. 3 Rob. 225, and cases there cited. The judgment of the court was pronounced by

SLIDELL, J. The plaintiff seeks by this action to annul a judgment which the defendant obtained against him, in March, 1848, upon a promissory note endorsed by him. He also obtained an injunction to stay execution. The present defendant pleaded the exception of *res judicata*, and also that the petition on its face exhibited no cause of action or ground for injunction. The exception was sustained by the court below, and the plaintiff has appealed.

The main ground for injunction and of nullity, is alleged as follows: "That said judgment is erroneous, and ought to be annulled, for the following good and sufficient causes, to wit: that said judgment was obtained by fraud, the whole debt sued for having been previously paid and satisfied, as your petitioner is informed, and verily believes, by one *Edom L. Fariss*, in his life time, in compli-

ance with a contract entered into with *John R. Seay*, the principal on the above notes, on which *Sarah E. Fristoe* obtained a judgment. The said *J. R. Seay*, having sold the property for which said note was given to said *Fariss*, with the express stipulation that this note, on which the judgment herein sought to be annulled was obtained, should be paid by said *Fariss* in his life time. Which facts as above stated, with regard to the payment aforesaid, have come to the knowledge of this petitioner since the rendition of the judgment herein sought to be annulled."

It is provided by the Code of Practice, art. 607, that a definitive judgment may be annulled in all cases where it appears that it has been obtained through fraud, or other ill practices, on the part of the party in whose favor it was rendered; as, if he had obtained the same by bribing the judge or the witnesses, or by producing forged documents, or by denying having received the payment of a sum the receipt of which the defendant had lost, or could not find at the time, but has found since the rendering of the judgment. We concur with the plaintiff's counsel in the position that, the relief by action of nullity is not to be restricted to the cases specially enumerated. They are put by way of illustration, and the article may be considered as enunciating the principle that, even after judgment, a party may be relieved. But this relief, and the conservative remedy of injunction, must be granted with great circumspection, otherwise there would be no end of litigation. Hence a case must be exhibted of matter which would make it against good conscience to execute the judgment—matter of which the injured party could not have availed himself in the former litigation, or which he was prevented by fraud or accident from availing himself of. The matter must also be such as the party, by the use of reasonable diligence, could not have known: for if there have been *laches* or negligence, that destroys the title to relief. See Story's Equity Jurisp. § 887. Story's Equity Pleadings, § 414. *Garlick* v. *Reece*, 8 La. 101. *McMicken* v. *Millaudon*, 2 La. 180.

There is a strong analogy between actions to annul judgments and motions for new trial; and recurring to the provisions of our Code on the subject of new trials we find the familiar rule, that where the application is on the ground of the discovery of new evidence, it must be evidence "which he could not with due diligence have been obtained before." C. P. 560.

Applying these rules to the present case, the petition is clearly defective. The absence of negligence, the exertion of diligence, are not alleged. We may also remark that the fact of payment, is loosely and defectively stated. The petitioner does not allege when, nor to whom, the payment was made. The allegation that the sureties of the administratrix (the plaintiff in the former suit), have been released from liability on her official bond, was also insufficient to sustain the injunction. Assuming the allegation to be true, it does not follow that she has ceased to be clothed with authority to collect the judgment. The release of the sureties might have afforded ground to the heirs or creditors to compel her to give new security. This she may have done. *Non constat* that she has been deprived of her office. - *Judgment affirmed.*