## No. 3022.

### FREDERICK B. BRAND vs. JAMES STAFFORD.

It has been decided that the right to annul a judgment is not restricted to the causes specified in article 607 of the Code of Practice. But to entitle one to such relief it must be shown that it would be against good conscience to execute the judgment and that there has been no laches or negligence on the part of the party complaining. The judgment complained of is one of nonsuit, and is the result of negligence of the plaintiff. It was his duty to know what was being done in his case in the court in which he had instituted it. Nor does the evidence show that there was any fraudulent misrepresentation made to obtain the judgment.

APPEAL from the Sixth District Court, parish of Orleans. *Cooley*, J. J. H. *Halsey* and R. H. *Marr*, for plaintiff and appellee. T. A. *Bartlette*, for defendant and appellant.

LUDELING, C. J.   In May, 1869, the plaintiff brought suit in the Fourth District Court of New Orleans against defendant, and obtained a writ of provisional seizure against the property of defendant. This was set aside on bond.   On the eighth of July, 1869, the plaintiff instituted another suit in the Sixth District Court of New Orleans against the defendant for the same cause of action, and obtained another writ of provisional seizure, which was also set aside on bond.   On the sixteenth of July, 1869, the plaintiff obtained an order in the Fourth District Court to compel the defendant to give another delivery bond or restore the property seized to the sheriff.

On the twenty-second of October, 1869, the defendant filed the plea of

*lis pendens* in the Sixth District Court. The exception was fixed for trial, on motion, for the twenty-sixth of October. On that day the trial was continued to another day, as appears from the minutes of the court. On the ninth of November the exception was tried and the suit was dismissed.

In the meantime, during the vacation, the suit in the Fourth District Court had been discontinued without the knowledge of the defendant. The present suit is to annul the judgment dismissing the suit on the plea of *lis pendens*, on the ground that it was obtained "on a fraudulent and untrue representation that there was a similar suit, for the same cause of action, pending in the Fourth District Court." It has been decided that the right to annul a judgment is not restricted to the causes specified in article 607 of the Code of Practice. But to entitle one to such relief it must be shown that it would be against good conscience to execute the judgment, and that there has been no laches or negligence on the part of the party complaining. 3 An. 646.

The judgment complained of is one of nonsuit, and is the result of the negligence of the plaintiff; it was his duty to know what was being done in his case in the court in which he had instituted it. 13 An. 395. Nor does the evidence show that there was any fraudulent misrepresentation made to obtain the judgment.

It is therefore ordered and adjudged that the judgment of the lower court be set aside, and that there be judgment rejecting the plaintiff's demand with costs.