*503 On the Merits.
Plaintiff sues to annul, first, a judgment of the Superior District Court rendered against him in 1874 for taxes due the city of New Orleans; second, a sheriff sale, under execution of said judgment, whereby a square of ground in this city was adjudicated to Mrs. 0. Adams, Jr.
He alleges that the sheriff is about to put Mrs. Adams in possession under an order of court. He, therefore, asked and obtained an injunction restraining said parties from interfering with his possession.
Defendant moved to dissolve this injunction, with damages, on several grounds, one of which was insufficiency of the affidavit. The court sustained the motion and dissolved the injunction, with $100 damages, against principal and surety in solido. Plaintiff appeals from said decree.
The case was then tried on its merits, and there was judgment dismissing plaintiff’s suit. Prom this final judgment plaintiff also appeals.
Plaintiff’s petition alleges various grounds of nullity against the judgment and sale, and that the sheriff is about to and will execute a deed to Mrs. Adams, and is about to and will dipossess petitioner and place said purchaser in possession, unless enjoined. The oath is as follows :
“ That all the facts above set forth as basis of an injunction, and reasons why an injunction should issue, are true and correct.”
It is manifest that such an affidavit is insufficient. It can not be positively affirmed of amj fact stated in the petition that it is sworn to. What facts are or are not considered to be basis and reasons for injunction, is left to conjecture, argument and inference. The oath must be positive. The rule is well stated in Herbert vs. Joly, 5 La. p. 52, by Chief Justice Martin : “ The oath should be direct, positive, and unconditional.” See, also, 5 La. 82 ; 3 An. 225. The injunction was properly dissolved ; but we do not think that damages could be, in such case as this, summarily awarded. It is where the injunction is taken to restrain the execution of money judgments, that the principal and surety may be summarily condemned in solido. R. S.
This is not such a case. Indeed, there is no law making the surety in such case as this a party to the suit. The right of defendant for damages upon the bond should have been reserved.
On the merits, the grounds of nullity against the judgment are, first, want of citation ; second, incompetency of the judge ; third, that there was not legal proof of publication of the notices to delinquents prior to confirming default.
The judgment sought to be annulled recites that there was “ due proof of the publication required by law.” Under the law (see. 21 of the *504 city charter, act No. 7 oí extra session of 1870) this publication stands in lieu of citation. Aside from the presumption of law, there was positive proof that this publication was made in the official journal for thirty days, as required. The publication was made three times during the thirty days, in conformity to section nine, act 18 of 1871. We see no reason to doubt the authority of the Legislature to confer the power to make this publication upon the Administrator of Finance. It is not a judicial act, and the Legislature may require it to be done, as well by that officer as by the clerk or sheriff. The citation was sufficient.
The second ground is that Jacob Hawkins, the judge presiding in the Superior District Court, was appointed to said office, and not elected as required by the constitution. This might be a good ground for his removal in a proper action brought for that purpose. The right of the judge presiding in a court, and de facto discharging the duties of that office, can not be collaterally questioned by litigants therein, more especially in proceedings to which he is no party.
The third ground is in substance that the proof- of publication was not that required by law, and he cites R. S. section twenty-six, which directs the State Printer to make affidavit to the publication. Even if that section referred to other than publications made by order of court, the fact of publication could be proved by other evidence if not objected to. The reception of secondary or illegal evidence in proof of a fact is no ground to annul a judgment upon. Such evidence should have been objected to when offered. This is elementary.
The grounds upon which the sale is attacked are—
First — That the writ of ft. fa. had no return day fixed therein.
Second — That there was no lawful seizure of the property, or return thereof.
Third — That there was no notice of seizure.
Fourth — No lawful description of the property seized and sold.
The first ground is abandoned, except that it is contended the sheriff made the sale under an expired writ. We have held, on more than one occasion, that the eighth section of act 85 of 1858 was in force still, and that under “judgment and execution for taxes,” “no alias or piarles writ shall be issued, but the first writ shall continue in force until finally satisfied.” Marin vs. Sheriff, 30 An. 295. That act is not repealed by the general law found in the R. S. on the subject of return of writs. It is not on the same subject matter, and relates to the special matter of ivrits on tax judgments.
Second — In the .parish of Orleans the seizure is constructive, and results from the recordation of the notice of seizure in the mortgage office. The sheriff in his return on the writ certifies that he “ caused the said notice of seizure to be duly recorded in the office of the Re *505 «order of Mortgages.” This recordation was itself the seizure. It was a fact, an act The sheriff is directed to make out three notices of seizure — one for the debtor, one for registry, and a third one for iris'return. It directs him on this third one to state the “ date and hour” of the registry thereof in the mortgage office.
Plaintiff’s counsel treats this return on this third copy of the notice as sacramental, and argues that if that return is not made strictly as required there is no seizure. We have seen that the recordation constitutes the seizure. Can it be that the omission of the sheriff in his return to state the “ date and hour ” of registry can obliterate the fact of registry, and make non-existent that which really exists ? This is the very refinement of technicality.
There is no evidence of the date of this registry. We only have the sheriff’s return on the writ that was “ received November 28, 1874, and levied upon the property described in the within annexed notice of seizure ; * * * caused the said notice of seizure to be duly recorded,” etc. The words “ recorded August 80,1875,” written across the back of the writ, are unsigned and not in any way connected with the sheriff’s return thereon. We must, in the absence of contrary proof, presume that the sheriff did his duty and recorded the notice. He says he did. If the words referred to mean anything, it is that the writ itself was recorded somewhere, but where is conjectural.
Third — There was a notice of seizure given to and served in person upon the plaintiff as shown by the record.
Eourth — The property is described as a square of ground, No. 213, in the Sixth District, bounded by Magazine, Camp, Valmont and Leon-tine streets, measuring 278 by 306 feet. We are at a loss to see what defect there is in this description.
It embraces the whole square; and even if there be a discrepancy of a few inches in the dimensions one way and a few feet another between the notice and plaintiff’s title, what matters it? The bounds are accurately stated and well defined. There can be no mistake. We see no nullity in the judgment or sale, and the court a qua properly rejected plaintiff’s demand. But it improperly awarded damages against the' plaintiff and his surety in this action.
It is therefore ordered and decreed that the judgment appealed from, rejecting and dismissing plaintiff’s demand, is affirmed ; that the judgment dissolving the injunction and condemning plaintiff and surety in damages be annulled, so far as it awards said damages, and in all other respects is affirmed — reserving to defendants their right to proceed on the Injunction bond for such damages as maybe clue. It is further ordered that plaintiff pay costs of the court below and defendant those of this appeal.