Warren vs. Copp.

---

## No. 11,935.

### MRS. MARTHA B. WARREN VS. FRANCIS T. COPP.

Where the garnishee is negligent in answering interrogatories and permits a judgment to be entered against him, he can obtain no relief from the judgment.

It is negligence on the part of the garnishee to answer interrogatories and to entrust the delivery of them to the Clerk of the Court by a messenger in his employment, who fails to deliver the answers to the clerk. The negligence of the messenger must be imputed to the garnishee.

APPEAL from the Civil District Court for the Parish of Orleans. *Ellis, J.*

*Thomas S. Ellis* and *Frank E. Rainold* for Plaintiff, Appellee.

------

*Fenner, Henderson & Fenner* and *Howe, Spencer & Cocke* for Defendant, Appellant:

It is now settled jurisprudence in this State that actions to annul judgments are not confined to the causes specified in the Code of Practice, but extend to all cases which would be a ground for such relief, under the practice of the courts of equity in other States. 1 Rob. 523; 3 An. 646; 6 An. 799; 31 An. 288.

The elements essential to obtain such relief are: (1) That the party has no other means of relief, such as by appeal or new trial; (2) he has not been guilty of laches in asserting his right; (3) that the judgment is one that he had a meritorious defence, and which it would be against good conscience to execute; (4) that he was prevented from availing himself of his defence by accident, mistake or fraud; (5) he was not himself guilty of negligence or want of reasonable diligence.

The facts alleged in this petition exhibit every one of these elements.

The Code itself expressly authorizes the avoidance of judgments rendered on confession where the confession is based upon an error of fact. Civil Code, 1846, 2291, and Ranlett vs. Gordy, 32 An. 908.

Courts of equity annul judgments obtained through accident or mistake in a great variety of cases, not one of which is as strong as the one here presented. 31 Conn. 848; 20 Cal. 110; 13 Wis. 482; 6 Rhode Island, 202; 11 Mo. 438; 2 Hilton (N. Y.), 91; 104 W. S. 96; 1 Howard pr. 52; 17 Wis. 232; 10 S. W. Rep. 469; 34 Pac. Rep. 76.

Prior to the act of 1839 garnishment was not allowed in execution of judgments. After that date the seizure was effected by taking possession of the thing seized, or in case of incorporeal effects, by giving notice to the debtor thereof, and the seizure could in no event take anything except the actual property of the judgment debtor. In providing the additional remedy of garnishment the purpose of the law was only to furnish a more efficient method of reaching and subjecting the debtor's property to the execution of judgments; it was never its purpose to compel one

man to pay the debt of another for which he is in no manner re-
sponsible.    When such a result is brought about through acci-
dent or mistake, it operates a perversion of the purpose of the
law and converts the law into an engine of oppression.
The powers of a court of justice will not be invoked in vain to pre-
vent such injustice.

Argued and submitted March 10, 1896.
Opinion handed down March 23, 1896.
Rehearing refused April 20, 1896.

The opinion of the court was delivered by

McEnery, J.  The plaintiff obtained judgment against the defend-
ant.    She issued a *fi. fa.* on the judgment, and a garnishee process
against Violett & Co., residing in the city of New Orleans, where the
judgment was obtained.

On April 24, 1895, the garnishees were personally cited.  The next
day the garnishees went before an officer and answered the inter-
rogatories, positively denying that they had any property of the de-
fendant in their possession, or under their control, or that they were
indebted to him in any amount.    The answers to the interrogatories
were entrusted to an employee to take to the clerk's office and file.

On inquiry, he informed his employers, the garnishees, that he
had obeyed their instructions and had placed with the clerk the
answers.

They were not handed to the clerk and were not filed in the suit.

On May 7, 1895, the interrogatories were taken as confessed, and
on 13th of May following, a final judgment was rendered against the
garnishees for the sum of seven thousand dollars.

On May 20 notice of judgment was served; this was the first inti-
mation to the garnishees that their answers had never reached the
Clerk's office.    Violett & Co. then instituted a suit to have the judg-
ment against them canceled, and obtained an injunction to enjoin
the execution of the judgment.    The suit to annul the judgment is
based on the ground that they were not indebted to the defendant,
Copp, in any amount; had no property of any kind belonging to
him in their possession or under their control, but that Copp was
largely indebted to them, all of which was stated in the answers

which they believed had been filed; that their failure to file the an-swers was the result of accident and mistake, and that they had ex-ercised all care and diligence to guard against the failure to answer the interrogatories, and under these circumstances it would be grossly inequitable and unjust and against good conscience to permit the enforcement of the judgment; that the creditor had been in no way injured or prejudiced by the omission to file the answer.

There was an adverse judgment to plaintiff on an exception of no cause of action, and they have appealed.

Since the case of Richard H. Chinn vs. the First Municipality of the City of New Orleans (1 Rob. 523), the jurisprudence of this State has been fixed and determined as to the relief which may be granted in suits to annul judgments. In cases which present facts on which, in the other States of the Union, a court of equity would interpose, relief may be granted when the party asking the same has been guilty of no *laches.* Perry vs. Rue, 31 An. 287.

The facts do not warrant any conclusion that there was any mis-take, error or accident upon which relief may be granted. There was no mistake, as the garnishees acted properly in making the an-swers, and they knew what was required of them, both as to sub-stance and time. The same may be said as to error, as there was no ignorance of that which exists or the mistaken belief in the exist-ence of that which has none. C. C., Art. 1821. There was no un-foreseen or unexpected event occurring externally to the plaintiffs by which they lost a legal right.

The mistake, error of fact and accident, are all merged in the failure of the employee to file the answers, and his false statement that he had filed them. The first was negligence proper, and the second the attempt to evade its consequences. The question to be considered is can the negligence of the employee under the facts presented be implied to Violett & Co., who must show that they have been guilty of no *laches?* Chinn vs. Municipality, 1 Rob. 523.

In the case cited, which was a suit to annul a judgment by default taken against the municipality and confirmed, the petition averred that the attorney of the municipality had prepared an answer, which had been delivered to the Clerk of the Court, or to one of his deputies, which had been lost. The truth of the allegations in the petition was attested by the Mayor and by the messenger by whom the attorney had sent the answer to be filed. In this case in which

the equity powers of this court were defined in annulling judgments, the court said, under the facts, "in the present case, the party is not able to show whether the answer was given to the clerk or to one of his deputies. It does not appear that, on the part of the defendants, any attention was paid to the case, until after the execution reached the hands of the sheriff."

In that case, as in this, there were sworn statements that the answer had been sent by a messenger, yet the court held that the failure of the answers to reach the clerk's office was negligence. The fact of the answer having been prepared and sent by a messenger was not sufficient, and the absence of the answer from the record was treated as though the defendants had paid no attention to the case until after execution issued,

The messenger in this case was selected by the plaintiffs, and it is impossible to separate his acts from those of plaintiffs. It was the duty of plaintiffs to file with the clerk the answers, and there was no unforeseen event which prevented them from performing this duty.

We can find no reason for relaxing the rule in relation to answers on facts and articles. On the contrary, there is good authority for saying that the rule in relation to answering interrogatories should be more rigid.

In DeBlanc vs. Webb *et al.*, 5 La. 82, an attachment issued and Willcox and Fearn were cited as garnishees. Three interrogatories were propounded to the garnishees. The first two interrogatories were answered positively and distinctly, showing an indebtedness to the defendant in the sum of $1418, being amount of cotton and money in their hands, with instructions issued before service of citation on them, to apply the same to the debts of other parties. These creditors intervened, prayed for a dissolution of the attachment and judgment in their favor. There was judgment in favor of plaintiff in attachment for the whole amount claimed by him, which was ordered to be paid by the garnishees, from which they and the intervenors appealed.

The third interrogatory was not answered, and the plaintiff moved for judgment on the ground that the interrogatories had not been fully answered. The garnishees asked to be allowed to amend their answers. It was denied. This court said in affirming the judgment: "The practice of allowing amendments to petitions and answers

made in the ordinary manner, where such amendments tend to the furtherance of justice, has always been adopted and literally acted on, under the provisions of our jurisprudence. But, answers required to be made under oath, to interrogatories *on facts and articles*, ought not to be considered as coming within the scope of these provisions. The rules relating to such answers appear to be different from those which govern in ordinary answers to actions; they are, of necessity, more rigid and unbending, in order to hasten the administration of justice." And in closing the opinion, this court said: "To permit the garnishees now to avoid the legal effect of their negligence in not answering this interrogatory would, in our opinion, violate express law on the subject, and might in other cases lead to prevarications and unsuccessful delays in the administration of justice."

It was claimed by the garnishees that the answer to the first two interrrogatories responded to the third interrogatory.

It has been the uniform jurisprudence in this State that if there has been *laches* or negligence, that destroyed the title to relief. Norris vs. Fristoe, 3 An. 646; Swain vs. Samson, 6 An. 799.

The negligence is the more inexcusable when there is a failure to perform a legal duty.

The failure of the employee of plaintiffs to file their answers to the interrogatories is traceable directly to the garnishees, and their own act was the proximate cause of the failure to answer the interrogatories.

Our reports are replete with cases where parties have lost rights by their negligence which, if appreciated in money, would amount to large sums, such as the failure to file an opposition to an account in time, and more frequently the failure to file transcripts during the legal delays and irregularities in bringing up appeals. Ford vs. Brooks, 35 An. 151; Stafford vs. Harper, 32 An. 1076; *Ex rel.* Slocomb vs. Barrow, 30 An. 833; Leflore vs. Carson, 7 An. 65; White vs. Union Bank, 6 An. 162.

In the latter cases if the fault is imputed to the appellant, or was through his agency, he would be condemned to suffer the consequence of his negligence. We would not inquire into the means he employed for sending the transcript to the appellate court, nor by what means his negligence was induced in allowing irregularities in the order for appeal, or in the bond.

. The language of the Code of Practice is positive, that if the garnishee refuses or neglects to answer under oath within the legal delay, such refusal or neglect shall be considered as a confession, etc. The answer out of court is not a compliance with the article of the Code of Practice. Within the legal delay it must be in the record, unless there may be some unforeseen event or accident or fraud, which has not been brought about through agency of the party interrogated.

There has been no fraud, or imposition, artifice or unfair means employed by the plaintiff in execution in obtaining the judgment. The answers were not filed through the negligence, ill will, mistake or fraud, or ignorance of the messenger employed by plaintiffs. The defendant herein was in no way responsible for the acts of this messenger. He was the chosen messenger of plaintiffs, in whom they placed confidence, but there is here no question arising as to any injury inflicted upon the plaintiffs by the messenger that can enter into any contest between plaintiffs and this defendant, who was in no way connected with, or in no way induced the confidence of plaintiffs in their messenger. The authorities on this point, quoted by plaintiffs, have no application. It is, as we have said, impossible to separate the conduct of the messenger from that of plaintiffs.

In endeavoring to do so, to each inquiry comes back the answer that the plaintiffs employed him to do an act personal to themselves, and they must, on all the authorities which we have consulted, be held to the negligence of the employee.

This case unquestionably presents a great hardship, which the plaintiffs must suffer. We have diligently endeavored to find some means to avoid the rigor of the law, but his own act has brought him within its grasp, and we repeat what was said by this court in De-Blanc vs. Webb *et al.*, 5 La. 85; " A strict adherence to the articles of the Code of Practice, which relate to the answers of garnishees› may, in the instance now before the court, operate an injustice to the appellants; but private loss or injury must often be tolerated in support of public good, and individual inconvenience yield in support of sound general principles."

Judgment affirmed.