PROVOSTY, J.
This is a suit in nullity of judgment.
Judgments may not be -annulled for any and all causes which might have availed for defense or on appeal. In the case of Blanck v. Speckman, 23 La. Ann. 146, the syllabus reads:
“A judgment cannot be annulled by direct action for any alleged vice of form in the mode of proceeding. It can only be annulled by such action for one of the three classes of vice of form contained in article 606 of the Code of Practice, viz: First, where the judgment debtor could not stand in judgment; second, where the judgment debtor had not been cited; third, where the court is without jurisdiction ratione materise.”
Cross on Pleading, § 295, p. 240, sums up the law ' on this point correctly as follows:
“Sec. 295. Under articles 606 and 607 the remedy is expressly given only in the following cases: Where judgment has been given against a disqualified person not represented; where defendant, has not been legally cited, nor cured the defect by appearance or waiver; and in all cases where the judgment has been obtained by fraud or ill practices, such as bribery, or by producing false documents, or denying payment of a sum for which the receipt has been lost. In one case it is said that the action is strictly limited to the cases mentioned. Derbigny v. Pearce, 18 L. 551. But the articles now receive a much more liberal construction. The action lies in all cases where a party cannot be relieved by appeal and will •otherwise sustain real injury, and where the case presents facts on which a court of equity in other states would interfere. Chinn v. First Municipality, 1 R. 523. But plaintiff must show that it is against good conscience to execute the judgment, and that he could not have availed himself of the matter in the former suit, or was prevented by fraud or accident. If by reasonable diligence he could have known such matter, he cannot be relieved. Morris v. Fristoc, 3 A. 646; Swayne v. Sampson, 6 A. 799. He must plead specially the facts on which -he relies, and be guilty of no laches. McRae v. Purvis, 12 A. 85; Millaudon v. Gordon, 18 A. 280; Winn v. Womack, 15 A. 273, 14 A. 396, 18 A. 507, 2 L. 180, 8 L. 101. Defenses available to an action do not authorize an injunction. Neither should they an action of nullity, even though the judgment was confirmed on default. Swain v. Sampson, 6 A. 799. But the case of ill practice specified in article 607, C. P., are illustrative and not exclusive of other cases. So the action lies where judgment was obtained on trial in violation of an agreement. Lacoste v. Robert, 11 A. 33.”
The pertinent articles of the- Code of Practice are:
“Art. -605. The causes of which the -nullity of a definitive judgment may be demanded are twofold: Those that are relative to the form of proceeding, and those that appertain to thé merits of the question tried.”
“Art. 606. The vices of form for which a judgment can be annulled are the following:
. “1. If a judgment has been rendered, even contradictorily, against a person disqualified by law from appearing in a suit, as a minor without the assistance of his curator or tutor, or a married woman without the authorization of her husband or of the court;
“2. If the defendant, although qualified to appear in a cause, have been condemned by default, without having been cited;
“3. When the judgment, though clothed with all the necessary formalities, -has, nevertheless, been given by a judge incompetent to try the suit, either owing to the amount in dispute, or to the nature of- the cause;
“4. If the defendant has not been legally cited, and has not entered appearance, joined issue, or had not a regular judgment by default taken against him.”
“Art. 607. A definitive judgment may be annulled in all cases where it appears that it has been obtained through fraud or other ill practices on the part of the party in whose favor it wms rendered; as if he had -obtained the same by bribing the judge or the witnesses, or by producing forged documents,-or, by denying having received the payment of a sum, the receipt of which the defendant had lost -or could not find at the time, but has found since the rendering of the judgment.”
“Art. 613. When a judgment- has been obtained through fraud on the part of the plaintiff, or because the defendant had lost or mislaid the receipt given to him by .the plaintiff, *371 the action for annulling such judgment must be brought within the year after the fraud has been discovered, or the receipt found.”
In Payne & Joubert v. Schaeffer-Gaiennie Co., 119 La. 386, 44 South. 136, this court said:
“The judgment of May 20, 1904, is the next before us for review in the order of issues as presented. The attack upon it relates to form. Article 606 specifies the ground for which an action in nullity lies. It is limitative in its effects, and the action here does not fall within its terms.”
This rule of not allowing judgments to be annulled for vices of form, except for those specified in article 606, supra, and, on the merits, for any other cause than such as furnish clear equitable grounds, has been strictly adhered to by this court. When the demand in nullity has been based on equity, this court has always strictly enforced the requirement that the plaintiff in nullity allege and prove: First, that he has been guilty of no laches; second, that it would be against good conscience to enforce judgment. Chinn v. First Municipality, 1 Rob. 523; Norris v. Fristoe, 3 La. Ann. 646; Swain v. Sampson, 6 La. Ann. 799; Lanfear v. Mestier, 18 La. Ann. 497, 89 Am. Dec. 658; Brand v. Stafford, 28 La. Ann. 51; Perry v. Rue, 31 La. Ann. 287; Lazarus v. McQuirk, 42 La. Ann. 194, 8 South. 253; Warren v. Copp, 48 La. Ann. 810, 19 South. 746; Moss v. Drost, 130 La. 285, 57 South. 929.
“The action of nullity is not limited to the cases specified by article 607, O. P.; but plaintiff must show that it would be against good conscience to execute the judgment, and that he could not have availed himself of the matter in former suit, or was prevented by fraud or accident. If by reasonable diligence he could have known such matter, or if he had been guilty of laches, he cannot be relieved.” Hennen, Dig. p. 744, No. 17, citing decisions.
“To annul a judgment, a case-must be exhibited which would make it against good conscience to execute the judgment, matter of which the injured party would not have availed himself, or was so prevented by fraud or accident. If there be laches or negligence, that destroys the right to relief.” McMicken v. Millaudon, 2 La. 180; Garlick v. Reece, 8 La. 101; Winn v. Dickson, 15 La. Ann. 273; Lanfear v. Mestier, 18 Ann. 497, 89 Am. Dec. 658.
Tested by these rules and principles, • the suit of plaintiff in this case clearly and plainly must fail.
[1] The grounds of nullity relied on in this case are that, a suit having been filed against A. IT. Tarver by the defendants in the present suit, P. J. Quinn and J. Laing, the latter, without the knowledge of the clerk of court, changed the initial “H.” to “F.” in the petition in said suit, and also in the citation which had been made out in same, and caused this petition and citation as thus changed to be served on the plaintiff A. F. Tarver, and thereafter, on representation to the court that A. F. Tarver was the proper defendant in the said suit,. obtained against him, by default, the judgment sought tb be annulled; that all this was thus done by fraud; and that there was no citation of A. F. Tarver.
The answer of Quinn and Laing is that their intention was to sue A. F. Tarver; that the error in the initial was discovered when the attempt was made by tne sheriff to serve the citation; and that this error was corrected with the consent of the clerk, and the suit was then regularly proceeded with against A. F. Tarver.
Not only was it with the full knowledge and consent of the clerk of court that this change in the initials was made, but the counsel of Quinn and Laing desired to have a new citation made out, but the clerk of court insisted that this was not necessary; and he testified that such mere formal changes as this were often made in his office to save work and expense.
These being the facts, all question of fraud disappears, as of course, from the case; and the sole gro.und of nullity remaining is that of want of citation.
*373 ■When article 606 speaks of the defendant as not having been cited, it has reference to a total want of citation, and not to a citation which is as ample as any citation can be for all the purposes for which citation is required, as was the citation of A. F. Tarver in the present case. The defect was one of form, not of substance. The objection to these documents, being made to serve for the purposes of the suit against A. F. Tarver, is based on pure technicality. Even on appeal, to allow such an objection as this to defeat a suit would be to allow mere matters of form to prevail over substance and justice. In a suit to annul a judgment, a mere empty objection such as this can have no weight. Especially in the absence of all allegation, and even suggestion, of injury, A. F. Tarver does not pretend to have had any defense to the suit against him. The sole effect of annulling the present judgment would be to put Quinn and Laing to the trouble and expense of obtaining another exactly like it.
Realizing the weakness of the said grounds of nullity alleged in his petition in nullity, the plaintiff, A. F. Tarver, relies in argument upon another ground, namely, that the change in the initials was made without leave of the court, and that an amendment to pleadings cannot be made without leave of court first obtained.
We do not see that there was any amendment of pleadings. By amendment of pleadings is meant that, where a party has filed a suit against another, he may amend his pleadings; and that the party sued, after having pleaded, may amend his pleadings. In the present case there was no suit filed against A. F. Tarver. The suit that was filed was against A. H. Tarver, an entirely different person.. There being no suit and no pleading against A. F. Tarver, none could be amended. There cannot be an amendment of pleadings in the absence of all pleadings. The suit against A. F. Tarver came into existence when the change was made in the initials. The defect in the petition of this suit thus inaugurated against A. F. Tarver did not consist in the fact that there had been an amendment,, but in the fact that the petition, as a petition against A. F. Tarver, was never filed. If this petition against A. H. Tarver had been refiled after the change of initials had been made, there could have been no question of amendment. The situation' would have been that a petition theretofore filed, which had become functus officio, and which therefore amounted to no more than so much rubbish in the archives of the court, had been made use of for initiating a suit against A. F. Tarver. The failure to refile this petition was a mere irregularity which does not vítate the citation, and which does not make it against good conscience to enforeé the judgment, and it is one which A. F. Tarver could have taken advantage of in defense to the suit. It is therefore not a ground of nullity. A. F. Tarver, it will be noted, does not plead that when cited to answer to said suit he was ignorant of the matters which he is now urging as grounds of nullity. This, of itself, is sufficient for defeating his suit in nullity.
There was such a person as A. H. Tarver, a brother of A. F. Tarver and a resident of Texas. So that the -suit was nominally or in form against the wrong person; and in what is said hereinabove the case has been dealt with as not having been a suit against A. F. Tarver, and it has in consequence, ■ been said that there could be no amendment of pleadings as against A. -F. Tarver, since there was no suit against him, and therefore no pleadings to be amended. But, if the suit as originally filed be considered to have been one against A. F. Tarver, and the change in the initials to háve been, in'com sequence, an amendment of pleadings, then the view which we take of the matter is *375 that the' amendment'' was of so trifling a character that no- importance should be attached to it. The insertion of the wrong initial was, then, a mere clerical error, and the case' then corned squarely under the maxim, "Errores scribcntis nocere non debent — Clerical errors' ought -not to injure” (Hickman v. Boggus, 14 La. Ann. 609; Hennen, Dig. p. 1183, No. 8), and also under the maxim, “Error nominis hunquam noeet, si de identitate rei constat — -Error in name never injures, if the thing to be named is known.” So far as making use of the petition and citation in another suit for saving the trouble and expense of making out new papers for instituting a suit, and thus tampering with the records of a court of record, is concerned, that is a matter between the court whose records are thus tampered with and the party tampering, and is a thing with which A. F. Tarver has nothing to do. If the papers thus used for the suit against him have all the qualities that new papers would have had, there is no reason why he should be heard to complain; and in a case where no wrong was intended, or thought of, none should be found. A case of that kind should come under a maxim usually applied in other connections, but which would not be the less wise if applied in the present connection, “Multa fieri prohibentur quse si facta fuerint obtinent firmitatem — Many things are forbidden to be done which after having been done are confirmed.”
While, as already stated, there was no amendment of pleadings in the case in which the judgment sought to be annulled was obtained, but merely the utilizing of the papers of a defunct suit for inaugurating said suit, by changing an initial in said papers, so that the law and the jurisprudence on the subject of amendment of pleadings can have no bearing on the case, a word may be added on this subject of amendments, since the brief of counsel deals extensively with it.
We begin with a review" of the decisions cited in. the brief..
Read v. Bailey, 2 Mart. (O. S.) 76 and. 296, and Robinson v. Williams, 3 Mart. (N. S.) 665, and Rost v. St. Francis Church, 5 Mart. (N. S.) 194, were decided before the adoption of our Code of Practice, and therefore are not an interpretation of that Code. We may say of them, however, that in Read v. Bailey the amendment sought to be made-consisted in the propounding of interrogatories after the case had been tried and submitted ; that in Robinson v. Williams the-amendment was to the answer, and therefore after issue joined; that in Rost v. St. Francis the report does not show whether the amendment in question was before or after issue joined. These cases are therefore no authority whatever on the point of whether an amendment may be made to the petition without leave of court before issue-joined.
In Kirkland v. His Creditors, 7 Mart. (N. S.) 511, the amendment was to an opposition to a final tableau of distribution,, and was therefore after issue had been, joined by the original opposition.
Baines v. Higgins, 2 La. 221, is directly in point. We will come to it later.
In Callaway v. Webster, 1 Rob. 553, the amendment was to the answer, and therefore after issue joined.
In Tullos v. Lane, 45 La.. Ann. 333, 12 South. 508, the court ruled that a supplemental petition could not be filed without leave of court even before issue joined. But the court stated that the point was "unimportant” in the case; and the court did not discuss the question, but contented itself with citing Baines v. Higgins, 2 La. 221, supra.
[2] The opinion in this Baines Case washy Judge Martin, whose opinions are entitled to great weight. We cannot but think,, however, that the conclusion there reached was erroneous. The text of the Code of *377 Practice to be interpreted is article 419, reading:
“Art. 419. After issue joined, - the plaintiff may, with the leave of the court, amend his original petition; provided the amendment does not alter the substance of his demand by making it different from the one originally brought.”
Strike out of this article the words “after issue joined,” and we have the exact meaning attributed to the article by Judge Martin. What, then, is the function of this qualifying .phrase in the sentence? No one will or can deny that the sentence, “After issue joined the plaintiff may amend his petition with the leave of the court,” is pregnant with the inference that before issue joined the plaintiff may amend without any need of leave of court.
Nowhere in the Code is leave of court required for an amendment before issue joined. The said decision of Judge Martin inserts that provision in the Code.
And why require leave of court for doing a thing which the plaintiff may do without leave by simply abandoning the petition already filed and filing another? Until defendant has joined issue, why should not the plaintiff be allowed to file as many supplemental petitions as may be useful in the premises. This was the view taken by this court in the case of Lehman Dry Goods Co. v. Lemoine, 129 La. 382, 56 South. 324, and by the Court of Appeal in the present case.' It will be noted that, if a plaintiff is entitled to make an amendment, and leave to make it is refused, the appellate court will send the case back with instruction to allow the amendment to be made; and it will be noted also that even after issue joined a party is entitled as of right to make all amendments which do not change the issue or alter the substance of -the demand.
The judgment appealed from, which dismissed plaintiff’s suit, is affirmed; plaintiff to pay the costs of appeal.
O’NIELL, J., concurs in the result.