### No. 9933.
### Orleans Appeal.

### JOSEPH COLTRARO v. C. J. CHOTIN, Appellant.

(February 16, 1925, Opinion and Decree.)

---

*(Syllabus by the Court.)*

1. **Louisiana Digest—Judgment—Par. 39 98.**
A petition alleging the nullity of a judgment upon the ground that no notice of trial was served upon the defendant and judgment taken against defendant in the absence of himself and counsel discloses a cause of action.
(Code of Practice, Art. 606, 607. Editor's note.)

Appeal from First City Court of the City of New Orleans, Hon. Henry Renshaw, Judge.

This is a suit to annul a judgment.

An exception of no cause of action was sustained.

Judgment reversed and remanded.

K. V. Richard, attorney for plaintiff and appellee.

W. O. Hart, attorney for defendant and appellant.

WESTERFIELD, J. The plaintiff, Coltraro, obtained a judgment against the defendant Chotin, who had filed an answer to his petition, in the absence of Chotin and his counsel. Chotin sued to annul the judgment on the ground that "no notice of trial was ever served". An exception of no cause of action was filed to the petition to annul the judgment which was main-

tained and Chotin has appealed. The Sheriff's return is in the record and it recites that notice was properly served, nevertheless, the petition contains the sworn allegation that no service was made and the responsibility of proving same was undertaken by plaintiff in injunction. For the purpose of our present consideration, we must assume that no notice of trial was served. The question is whether a judgment can be annulled upon that ground.

We are referred by counsel for defendant in injunction to Art. 606 C. P., and our attention is directed to the fact that the ground alleged in this case is not found among the enumerated vices of form for which a judgment can be annulled. The argument is made that the causes mentioned in Art. 606, C. P., are exclusive. Counsel is in error. In Tarver vs. Quinn, 149 La. 371, 89 South. 216, the Court said:

"This rule of not allowing judgments to be annulled for vices of form, except for those specified in Article 606, supra, and, on the merits, for any other cause than such as furnish clear equitable grounds, has been strictly adhered to by this court. When the demand in nullity has been based on equity, this court has always strictly enforced the requirement that the plaintiff in nullity allege and prove: First, that he has been guilty of no laches; second, that it would be against good conscience to enforce judgment. Chinn vs. First Municipality, 1 Rob. 523; Norris vs. Fristoe, 3 La. Ann. 646; Swain vs. Sampson, 6 La. Ann. 799; Lanfear vs. Mestier, 18 La. Ann. 497, 87 Am. Dec. 658; Brand vs. Stafford, 28 La. Ann. 51; Perry vs. Rue, 31 La. Ann. 287; Lazarus vs. McQuirk, 42 La. Ann. 194, 8 South. 253; Warren vs. Copp, 48 La. Ann. 810, 19 South. 746; Moss vs. Drost, 130 La. 285, 57 South. 929.

" 'The action of nullity is not limited to the cases specified by Article 607, C. P.; but plaintiff must show that it would be against good conscience to execute the judgment, and that he could not have availed himself of the matter in former suit, or was prevented by fraud or accident. If by reasonable diligence he could have known such matter, or if he had been guilty

of laches, he cannot be relieved.' Hennen, Dig., p. 744, No. 17, citing decisions.

"To annul a judgment, a case must be exhibited which would make it against good conscience to execute the judgment, matter of which the injured party would not have availed himself, or was so prevented by fraud or accident. If there be laches or negligence, that destroys the right to relief.' McMicken vs. Millaudon, 2 La. 180; Garlick vs. Reece, 8 La. 101; Winn vs. Dickson, 15 La. Ann. 273; Lanfear vs. Mestier, 18 La. Ann. 497, 89 Am. Dec. 658."

In the case before us we think it manifestly inequitable that the judgment obtained against defendant in his absence and in the absence of his counsel without notice of trial should be executed. The law contemplates that its judgments shall be reached after hearing of interested parties and reluctantly decrees otherwise in rare instances, depending upon the laches or fault of litigants.

For the reasons assigned the judgment appealed from is reversed, the exception of no cause of action is overruled and the cause remanded for further proceedings according to law.