ELLIS, Judge.
A suit was filed by plaintiff against Leonard Buick Company, a copartnership, and the individual partners thereof, Byron P. Leonard, John Tucker and Huey Segura, in solido, on August 19, 1950. Answer was filed on October 18, 1950 both by the partnership and the individual partners, and a reconventional demand' was made. The issues in the original suit are immaterial in this appeal. On October 19, 1950 the *201 case was tried and taken under advisement. Prior to rendition of the judgment the trial court, on May 22, 1951, upon its own motion ordered the reopening of the case to hear all evidence previously presented, same to be reduced to writing, and to hear all other material evidence. On motion of counsel for the plaintiff a minute entry of October 16, 1951 shows the cause was then fixed for October 25, 1951. The defendants were properly notified by the Clerk of Court and service was accepted. However, no trial was held upon the date fixed although there is no minute entry to show this. On November 28, 1951 counsel for the plaintiff wrote the trial judge requesting the matter be reassigned for December 13, 1951 and this date was granted, although the minutes are silent. A copy of a letter to the trial judge was mailed to the defendant, Leonard. A letter dated November 30, 1951 was addressed to the Chief Deputy Clerk of Court by counsel for the plaintiff, and a copy of this letter was forwarded to the defendant Leonard who testified he ignored this carbon copy as not being formal or official and as emanating only from opposing counsel. On December 13, 1951 plaintiff and his counsel were present in Court but no appearance was made by any of the defendants or their counsel. The trial court or-' dered the submission of the record, and on December 14, 1951 rendered judgment in favor of the plaintiff as prayed for, whereupon a formal judgment was then read, signed and filed. On December 26, 1951 a copy of the judgment was mailed to the defendant, Leonard, by registered letter and on January 8, 1952 a writ of fieri facias .was issued. On January 9, 1952 the defendant, Leonard, employed his present counsel of record, his former counsel being on duty with the Armed Services' of the United States. On January 22, 1952 all of the defendants filed a petition seeking to declare the judgment rendered a nullity and also seeking a preliminary injunction to enjoin and restrain the enforcement of the writ. To this last petition the defendant in rule filed an exception of" no right and no cause of action and an answer in the nature of a general denial. After hearing evidence and the filing of briefs this matter was taken under advisement. The exception was overruled by the trial court, which on March 5, 1952 rendered judgment annulling, vacating and setting aside the judgment rendered on December 14, 1951 and granting the preliminary injunction. Defendant in rule then perfected a devolutive appeal.
The trial court in its reasons for judgment stated the exception of no right and no cause of action was based upon the fact that the provisions of Article 606 of our Code of Practice, wherein grounds are given for the action of nullity of judgments, are exclusive. The lower court correctly overruled the exception.
Counsel argues that there was only one trial held on October 19, 1950, and since all parties were before the court on that date they cannot now be heard to complain of the court action and judgment rendered on December 13, 1951. We must examine the record to determine the status of the case when a decree was rendered on December 13, 1951, the date upon which the plaintiffs in rule complained they were not present nor were they represented.
The record shows that after answer was filed upon behalf of all defendants on October 18, 1950 evidence was submitted and thereafter briefs were filed. Prior to rendition of judgment the Court on May 22, 1951 ordered on its own motion the reopening of the case “to hear all evidence previously presented, but to be reduced to writing, and all other material proof.” On motion of plaintiff the cause was then fixed for October 25, 1951, as is shown by the minute entry of October 16, 1951. All of the defendants accepted service. The minutes are. silent as to what happened on October 25, 1951 but it is agreed that no trial was held nor was there any evidence introduced at that time.
On November 28, 1951 plaintiff’s counsel wrote to the then presiding Judge requesting the matter be reassigned for December 13, 1951. A copy of that letter was mailed to the defendant, Leonard, and to the plaintiff. This date was granted by the judge although the minutes are silent thereon. *202 A letter dated November 30, 1951 was addressed to the Chief Deputy Clerk of Court by counsel for plaintiff advising of the reassignment to December 13, 1951, and a carbon copy of this letter was forwarded to the defendant, Leonard.
Apparently the trial court- decided the record was insufficient to justify a decision, and that new evidence was needed. This in effect was the ordering of a new trial. The re-opening of the case was not for a limited purpose but was a full and general reopening, and both parties could have introduced any proof necessary to their case. All parties were relegated to the status as of the time issue was joined, and the fixing of the matter for trial for this new trial should have been accorded the same procedure' and solemnities as that required for the fixing of original trials. See State ex rel. Shreveport Cotton Oil Co. v. Blackman, Judge, 110 La. 266, 34 So. 438. This case holds a new trial without notice to the opposing party renders null and void any judgment rendered on such new trial.
Once it is decided a new trial was granted it then remains to determine whether legal notice was given the plaintiffs in rule.
The record clearly shows no notice whatsoever of the new trial date was given to the co-defendants, Tucker and Segura, or their counsel. Consequently the judgment rendered ist clearly null and void as against them.
The only notice given Leonard, the other, defendant, was a carbon copy of a letter, the original of. which was addressed to the Clerk of Court. This letter merely informed its reader the trial court had fixed a date for the trial and had suggested that the clerk and the court be notified. This letter was from the attorney of the original plaintiff. Even had Leonard or any attorney employed by him made an examination of the official minutes of the court, these would not have reflected a trial date had been set.
In Coltraro v. Chotin, 1 La.App. 628, the Court said: “ * * * we think it manifestly inequitable that the judgment obtained against the defendant in his absence and in the absence of his counsel without notice of trial should be executed. The law contemplates that its judgments shall be reached after hearing all interested parties, and reluctantly decrees otherwise in rare instances, dependent upon the- laches or fault of the litigant.”
The trial court correctly found that there was no evidence of fault or laches upon the part of the defendants.
The lower Court bases his reasons for judgment also upon the prevailing printed rules of Court of the 16th Judicial District, which provide that notice be given either by service upon the opposing litigants, by a copy of a written motion signed by the' Judge, filed in the record, and a certified copy thereof served officially by the Clerk of Court, or, notice by the Clerk of an oral motion assigning the case for trial made in open court, entered in the minutes of court and notice thereof- made to the opposing litigants by registered mail and return receipt showing delivery. This procedure was not followed in the instant case and is fatal.
LSA-R.S. 13:3344 provides the Clerk shall give written notice of all “orders” rendered after a case has been taken under advisement, and shall make a docket entry of such notice. There was no minute entry whatsoever showing the case had been assigned for trial.
In the case of United States Fidelity & Guaranty Co. v. Roberson, La.App., 142 So. 321, 323, the Court stated: “ * * * Ordinarily, a case that has been at issue for 8 months should not be allowed brought to trial without notice to all parties concerned. * * * ”
As there was no legal notice given the defendants the judgment of the Lower Court is hereby affirmed.