Eastern District.
*February* 1831.

BAINES
*vs.*
HIGGINS.

2L 220
46 539

2L 220
48 479

*BAINES vs. HIGGINS.*

APPEAL FROM THE COURT OF THE THIRD DISTRICT, THE JUDGE THEREOF PRESIDING.

A receipt of a date posterior to the *contestatio lites*, is no evidence of the existence of the facts alleged by the pleadings against either of the parties to the suit.

Although no answer be put in, a supplemental petition cannot be filed without leave. To supply the deficiencies of a petition is to amend, and no amendment can take place in the pleadings without the leave of the court or the consent of the adverse party.

It is not too late after the jury are sworn, to strike from the record documents irregularly filed.

Evidence that a document had been seen among the papers of a deceased person, searched for and could not be found, and that some of his papers were lost, is not sufficient to enable the party to give parol proof of its contents.

The Court should charge the jury not to notice a supplemental petition irregularly filed—otherwise, if no objection be made to the introduction of evidence in support of its allegations.

A plaintiff's warrantor is an inadmissible witness in support of the plaintiff's title.

This cause was remanded without an inquiry into the merits upon certain bills of exceptions taken by the defendant, and stated at large in the opinion of the court delivered by

*Martin J.*

The counsel of the defendant and appellant has called our attention to several bills of exceptions:

1. At the trial of this case, it being necessary to prove the sale of a slave, in the year 1814, by Robinson to Walsh, a receipt of the consideration money, dated May 22, 1830, the day of the trial was offered in evidence. The introduction of it was opposed by the defendant ; the objection overruled and a bill of exceptions taken.

2. After the jury were sworn, the defendant moved the court to order the striking off a supplemental petition, filed by the plaintiff, after the original one, without leave of the court or the defendant's consent, calling Lobdell in warranty.

The motion was overruled and the defendant took a bill of exceptions.

3. The defendant objected to the introduction of parol evidence of the contents of a bill of sale, *sous seing privé* of a slave, on the ground that the loss of it was not sufficiently proven. The objection was overrulled and a bill of exceptions taken.

4. The defendant's counsel requested the court to charge the jury, that the supplemental petition, the answer thereto, and the evidence in support of the allegations in these documents, should be disregarded by them. The court refused to give the charge, and a bill of exceptions was taken.

5. The plaintiff offered as a witness against the defendant Lobdell, called in as a warrantor. His admission was objected to—the objection overruled and a bill of exceptions taken.

1. Robinson's receipt being of a date posterior to the *contestatio lites,* or issue joined, could not be evidence of the existence of the facts alleged by the pleadings against either of the parties to the suit. He ought to have been sworn and cross-examined, and the court erred, in our opinion, in receiving his receipt in evidence.

A receipt of a date anterior to the contestatio lites is no evidence of the facts alleged by the pleadings against either of the parties to the present suit.

2. The supplemental petition was filed before the answer was filed ; but we do not think this circumstance authorized its being filed *without* leave. To supply the deficiencies of a petition is to *amend* it, and we think no amendment can take place in the pleadings without the leave of the court, or the consent of the adverse party. The Code of Practice, 419, authorizing the amendment of the petition, " *after* issue joined," has given rise to the idea, that the last three words have no meaning, unless there be some difference as to amendments *before* and amendments *after* issue joined ; and if there be, the difference is either that there is no amending *before*, or the amendment then requires neither leave or consent. Hence it is urged, as *before* issue joined

Although no answer be put in, a supplemental petition cannot be plead without leave —To supply the deficiencies of a petition is to amend, and no amendment can take place in the pleadings without the leave of the court or the consent of the adverse party.

amendments ought to be granted more easily than *after*, as they are then attended with less trouble and delay. We ought to adopt the latter alternative and allow amendments *before*, without leave or consent.

We think the reasoning inconclusive. The French text of this article of the code presents the issue joined as presenting no obstacle to an amendment: "Quoiqu'il y ait contestation en cause, le demandeur peut se faire autoriser par le juge à amender sa petition." We think we give its full effect to every word of the English text, if we take the meaning of the legislature to be, to allow amendments, with leave or consent, even after issue joined.

We are of opinion the supplemental petition was irregularly filed without leave or consent.

It is not too late after the jury are sworn to strike from the record documents irregularly filed.

But the motion to strike it off was held to be too late, as the jury were sworn. We are of opinion, it was then still time, because it was necessary to remove from their consideration whatever had been irregularly put on the files of the court.

3. The loss of the bill of sale was said to have been proven by Butler, who deposed he had *seen* it among the papers of the deceased, either *before* or *since* the vendee's death—that he was the vendee's executor, and some of the papers of the estate, particularly a certificate of bank stock, was lost—That Dabney examined the papers of the estate, to find the bill of sale.

Evidence that a document had been seen among the papers of the deceased, searched for, and could not be found, and that some of the papers was lost, is not sufficient to enable the party to give parol proof of its contents.

We are of opinion there was not sufficient evidence of the loss. Every fact sworn to, may and we believe to be true, and notwithstanding, the loss may not exist.

The court should charge the jury not to notice a supplemental petition irregularly filed—otherwise, if no objection be made

We think the judge erred in refusing to charge the jury not to notice the allegations in the supplemental petition. We have already said it made no part of the regular pleadings.

As to the evidence, in support of these allegations, it does not appear to have been objected to, and the court did not err, in refusing to instruct the jury to disregard it.

5. Lobdell, the plaintiff's warrantor, was certainly inadmissible as a witness, in support of the plaintiff's title.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, and the case remanded, with directions to the judge not to admit Robinson's receipt or acknowledgment in evidence—to allow the striking off of the supplemental petition—not to admit parol evidence of the contents of the bill of sale, till the loss of it be better proven, nor to receive the warrantor's testimony in support of the title. The appellee paying costs in this court.

Eastern District,
*February* 1831.

BAINES
*vs.*
HIGGINS.

to the introduction of evidence in support of its allega- A plaintiff's warrantor is an inadmissible witness in support of the plaintiff's title.