On Motion to Dismiss Appeal.
BREAUX, J.
Appellee and relator moves to dismiss the appeal on the ground that it was made returnable on the 2d day of December, 1901, and that the transcript of appeal' was not filed here on the return day.
The idea conveyed by the motion to dismiss is that if the court is in session the transcript must be filed on the return day, and the appellant is not entitled to a delay of three judicial days within which to file.
We have not found section 4, No. 45, p. 100, Acts 1870 (Ex. Sess.), entirely clear upon the subject. Three judicial days are allowed when the court is not in session. By construction heretofore this court has always held that the appellant is equally as well entitled to this delay when the court is in session on the return day as where it is not in session. We have concluded to let that ruling remain unchanged.
A motion was made to dismiss an appeal years .ago on the ground that the “return day” does not mean three days plus one day; that “within the time” means to and inclusive of the day fixed, but not one day in addition beyond it. The court was in session on the first day, as shown by the minutes in the clerk’s office of the Supreme Court held in Monroe. The court said: “The right to file a transcript within the three judicial days following the fixed return day seems to be impliedly accorded by law, and has almost invariably been so recognized.” Wood and Roane v. Wood, 32 La. Ann. 803.
The ruling of the court since that decision was rendered only affirmed the correctness of the construction therein announced. We repeat here that which we said in the decision cited above: “The jurisprudence on that point is so ancient that it has become a rule of practice throughout the state.”
The motion, as made, covers the additional ground that the record should have been filed on the 4th instead of the 5th. The appellee argued the motion chiefly on that ground, and contended that the transcript filed on the day before mentioned, to wit: the 5th, was not filed in time.
It has always been held, and again quite recently, that the right to file a transcript within three judicial days following the legal return day will not be disturbed. Rosetta Gravel Co. v. Adler, 52 La. Ann. 689, 27 South. 183. We infer that the court sought in the decision from which we have quoted above to place all appeals on the same footing as relates to the time of filing the record. In that view, the word “thereafter,” in the statute cited, at the end of its fourth section, includes both appeals; that is, the appeal filed when the court is in session and the appeal filed when the court is not in session. Otherwise an appeal filed out of term time might be filed three judicial days after the return day, while an appeal filed when the court is in session would have to be filed on the return day. The Legislature did not seek to create such a difference, and we therefore adopt the views heretofore expressed as applying to all appeals.
The motion to dismiss is denied.