No. 3662.

(Court of Appeal, Parish of Orleans.)

AZTEC LAND CO., LTD., vs. CITY OF NEW ORLEANS.

Appeal from Civil District Court, Division "C."

Robert O'Connor, for Plaintiff and Appellant.

H. G. Dupre, for Defendant and Appellee.

1. The decision in Cox vs. Ahlefeldt, in 105 La. 545, does not overrule the jurisprudence which applied the rule *contra non valentem agere non curat prescriptio* in cases where there was a legal impediment— *un empechement de droit*—to the enforcement of the claim against which prescription was pleaded.

2. Considering that, since the adoption of the Constitution of 1879 seizure and sale of property are the legal substitutes for a suit to enforce taxes, and that the municipality could not seize and sell property adjudicated to the State any more than it could have sued the sovereign, prescription of the tax privileges must, under the foregoing rule be held suspended during the period of the State's ownership.

3. The decision in Perkins vs. Recorder, 111 La. 236, cannot logically be regarded as destroying anterior imprescriptible taxes and tax privilege, when it affirms previous cases absolutely declaring that Art. 186 Coast, of 1898, operates prospectively only and does not affect such anterior imprescriptible taxes and tax privileges.

DUFOUR, J. The plaintiff, a purchaser in April, 1904, from the State, under Acts 80 of 1888 and 126 of 1896, of property adjudicated to the latter in February 1885 for non-payment of taxes for anterior years, seeks to cancel, as prescribed City taxes. priviledges recorded against such property for the years 1870, and from 1873 to 1900, both inclusive.

From a judgment granting the relief prayed for from the years 1877 to 1883, both inclusive, and rejecting his demand for the

other years, the plaintiff has appealed, and the city, acquiescing in the correctness of the judgment, has not asked for an amendment.

The defendant urges here that it was powerless to enforce its taxes while the property belonged to the State, and hence invokes for its protection the maxim *contra non valentemaggere non currit prescriptio.*

In the case of Desposito vs. City, No. 3207 of our docket, in which the same issue was presented, we said:

"We know of no principle of law which allows proceedings by a municipality, the effect of which would be to divest the sovereign of its ownership and to transfer the same to the municipality, and it is clear that the title cannot be in both at the same time."

The question remains whether the City, owing to its legal inability to enforce its taxes against the property adjudicated to the State, may invoke the benefit of the equitable maxim *contra non valentem.*

A survey of jurisprudence shows that our courts have applied the maxim to three classes of cases:

1st. Where there was some cause which prevented the courts or their officers from acting or taking cognizance of the plaintiff's action, thus, when the legislature passed an act for the suspension of all civil suits, (4 M. [O. G.] 610) or where there was no judge to whom an application for an order might be presented (7 M. S. 481), or where the absence of the Clerk of Court rendered it impossible to institute a suit, (10 R. 135.)

2nd. Where there was some condition or matter coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting, thus, according to the act, a creditor could not enforce his mortgage until a previous mortgage was raised, (2 La., 221), or where a judgment, through the error of the court, was such as not to be susceptible of execution, (6 La., 69.)

145

3rd. Where the debtor has done some act to effectually prevent the creditor from availing himself of his cause of action; thus, removal to a foreign country of a debtor for the purpose of defeating the claims of his creditors. (4 An. 170; 5 An. 340; 10 An. 553.)

It is true that the Supreme Court held in 21 An 67, that the maxim was not recognized by our Code, but Succession of Farmer subsequent cases (32 An. 1041) restored the view of the earlier cases that the maxim in certain instances finds application in our system.

It has generally been applied where a legal inpediment existed to the exercise of a right, as Duranton says, (Vol. 21, p. 546, No. 324) "la prescription ne pent caueir contre le creancier tant qu il est empleclie d'agir par le sroit.

Considering that, since the Constitution of 1879, seizure and sale are the legal substitutes for a suit and that the municipality could not proceed to seize and sell property adjudicated to the State any more than it could have sued the soverign, we have no hesitation in declaring that prescription of the privileges has in this case been suspended."

It is now urged that the foregoing is in conflict with the decision of the Supreme Court in Cox vs. Van Ahlefelted, 105 La. 545.

We think, on the contrary, that that case upholds our views.

The point decided was that prescription ran against an adult imbecile who had not been interdicted, and the grounds of decision appear to be not only that such person is not by the Code exempted from the operation of prescription, but also that he could seasonably have sued to assert his right.

In the original opinion (p. 560, it was said:

"Plaintiffs earnestly press upon our attention the rule *contra non valeniem*, etc., and cite a number of decisions in which effect

was given it, true, it has been held that an administrator cannot sue a succession he represents, and to that extent the rule *contra non valentem* was sustained. It will be observed that the decision was grounded on the fact that the administrator positively could not sue.

In another of the cited cases, it was decided that one could not defeat the rights of another by rendering it impossible to sue him by concealing himself: *"In all the cases cited the principles of suspension of prescription rested on the idea that suit to interrupt prescription was impossible for the reasons before stated or others similar."* (Italics ours.)

In the opinion on rehearing, the court used the following language: "In Succession of Farmer, 32 An. 1037, McKnight vs. Calhoun, 36 An. 408, Norres vs. Hayes, 44 An. 907, it was held that prescription does not run in favor of an individual and against a succession of which he is the adminstrator, pending his administration. It can readily be seen, however, that there were legal principles entering into the consideration of these cases which have no bearing here. But, even if the ruling thus made be regarded as a departure from the doctrine recognized in the cases before cited (i. e., 21 An. 75, 29 An. 170, 33 An. 1397), we do not feel called upon to widen the breach, for the purposes of the case now before the court."

It is fair to conclude from the language we have quoted, that the court merely deemed it unwise to extend to the particular case presented, the application of a rule not textually announced in the Code. But it cannot be credited with the intent to abolish the jurisprudence which applied such rule in cases where there was a legal impediment, an *empechement de droit* to the enforcement of the claim against which prescription was pleaded.

In this instance, the inability of the municipal creature to seize and sell property held by its sovereign creator, is a legal impediment of identical import with inability to sue.

147

If the maxim be not applicable, it follows that all tax privileges from 1877, more than three years old at the institution of this suit, are prescribed by the very terms of the statute under which they were levied. But, the opposite would be the case as to all tax privileges from 1870 to 1876, both inclusive, which jurisprudence has uniformly recognized as imprescriptible.

The doctrine in Succession of Farham, 51 An. 980, affirmed in Hart vs. City, 51 An. 912, is well eptomized in the syllabus.

"The terms of Article 186 of the Constitution of 1898, relates to the future, and their effect is prospective only.; and they cannot be given a retrospective operation, the result of which would be a remission of a large amount of delinquent taxes, in the absence of any provision clearly indicative of that purpose on the part of the framers of the organic law."

So far from overruling the above decision, as plaintiff suggests, Perkins vs. Recorder, 111 La. 236, specially affirms them. The expressions relied on for the suggestion must be construed with reference to the case itself. The decision cannot logically be regarded as destroying tax privileges restrospectively and wiping out anterior imprescriptible taxes, when it affirms the previous cases absolutely declaring that Art. 186 of the Constitution of 1898 operates prospectively only and does not affect anterior imprescriptible taxes and tax privileges.

These were in force at the time of the adoption of the Constitution, and, in our view, remain so under its terms.

Excluding the period during which the State owned the property, and considering the time that plaintiff acquired it, the judgment correctly refused the cancellation of the privileges for the years other than those described therein.

Judgment affirmed.

February 20th, 1905.

Rehearing refused March 20th, 1905.