## No. 3832.

## Court of Appeal, Parish of Orleans.

## PHILIP J. VEITH vs. CITY OF NEW ORLEANS.

1.  The decision in Cox vs. Ahlefeldt, 105 La. 545, does not overrule the jurisprudence which applied the rule cestra non valentem agere non currit prescripto in cases where there was a legal impediment—un emplechement de droit—to the enforcement of the claim against which prescription is pleaded.

2.  Considering that, since the adoption of the Constitution of 1879, seizure and sale of the property are the legal substitutes for a suit to enforce taxes, and that the municipaltiy could not seize and sell property adjudicated to the State any more than it could have sued the sovereign, prescription of the City tax privileges must under the foregoing rule, be held suspended during the period of the State's ownership.

3.  Property adjudicated to the State may be assessed for State, Parish and Municipal taxes during the State's proprietorship.

4.  The City made no false representation with knowledge of the facts and with intention to deceive, and did not induce the plaintiff to act to his own disadvantage; hence, all the essential elements of estoppel by conduct are lacking here.

Appeal from Civil District Court, Division "A."

Geo. J. Untereiner, plaintiff and appellant.

H. G. Dupre, defendant and appellee.

DUFOUR, J.  The plaintiff, a purchaser from the State in May, 1904, of certain real estate sold by the Auditor under Sec. 3 of Act 80 of 1888, seeks to annul a tax sale to the City and to cancel as prescribed all of the privileges for City taxes from 1870 to 1901, both inclusive.

There was judgment annulling the tax sale to the City and cancelling all privileges securing City taxes from 1870 to 1883 both inclusive, and maintaining the tax privileges from 1884 to 1904, both inclusive.

From this judgment the plaintiff alone has appealed.

The City invokes the maxim *contra non valentem agere non currit priscripto* and urges that prescription has been suspended by the fact that the property was held by the State under adjudication to itself for unpaid taxes on December 13th, 1884, from which time to the time of plaintiff's purchase, the City was

261

unable to enforce the collection of its own taxes.

In Aztec Land Co. vs. City, 2 Court of Appeal 144, in discussing the identical contention we said.

"1st. . Considering that, since the adoption of the Constitution of 1879, seizure and sale of property are the legal substitutes for a suit to enforce taxes and that the municipality could not seize and sell property adjudicated to the State any more than it could have sued the sovereign, prescription of the tax privileges must, under the foregoing rule, be held suspended during the period of the State's ownership.

2nd. The decision in Cox vs. Ahlefeldt, 105 La. 545, does not overrule the jurisprudence which applied the rule *contra non valentem agere non currit prescripto* in cases where there was a legal impediment—*un empechement de droit*—to the enforcement of the claim against which prescription is pleaded."

(Syllabus.)

The same principle is recognized in Perkins vs. Recorder, 111 La. 236-241, in which the Supreme Court said:

"That being the case, and the present suit which was pending when the Constitution was adopted, having since then operated to prevent the enforcement of the privileges in question, it follows that they are still alive."

The plaintiff, however, urges that the City is estopped from invoking the benefit of the maxim because "It has assessed the said property to Maybin Hart continuously since 1887 to 1904 and to McDonald from 1870 to 1887, that it has advertised offered and sold said property as the property of said McDonald and has treated said Maybin Hart as the owner by serving him with a notice of sale; that by reason of the foregoing the City of New Orleans cannot at this time change its position so as to affect this plaintiff by pleading that it could not legally enforce its claim for taxes because the property at that time belonged and was owned by the State of Louisiana."

The plea of estoppel must be overruled for several reasons.

1st. Because the assessment is made by a board over which the City has no control and which makes one assessment to serve as a basis for both State and Municipal taxation, and that the City

in the attempted enforcement of its taxes naturally and properly followed such assessment.

2nd. Because, under the ruling in Powers vs. Recorder, 145 An. 566-572, property during the State's ownership of it, may be assessed for State, Parish or Municipal taxation.

3rd. Because all the essential elements of estoppel by conduct are lacking here, the City made no false representation with knowledge of the facts and with any intention of deceiving, and it is plain that the plaintiff was not induced to act to his own disadvantage by anything which the City did. Hence the decisions cited by appellant are inapplicable.

To sustain the plaintiff's contention would be to use an equitable remedy to reach an inequitable result.

Judgment affirmed.