BREAUX, C. J.
The action is petitory.
Plaintiffs, who are the heirs of the late Mrs. Pauline Jacquet, deceased wife of Joseph Estrade, brought this suit for the recovery of certain property in the possession of defendant.
They contend that the defendant is in possession in bad faith, as he had knowledge of the nullity of the title, and they ask for rents at $10 per month on the property since January, 1892, the date the defendant went into possession.
The defendant answers and insists that he has title, having acquired the property, he asserts, at public sale in the succession of Mrs. Pauline Estrade. He denies the had faith charged.
His contention is that he has improved the property to an amount of $3,500; that the-plaintiffs were residents in the immediate vicinity wherein the property is situated; that they knew of the proceedings for- the sale-of the property, which resulted in the adjudication to him; that they also knew that he paid the price of adjudication; that the price was applied to the payment of the-debts, and despite their full and complete knowledge, in regard to all that was done in matter of the adjudication of the property and the other facts before referred to,, they did not in the least object; that, therefore, they are estopped from questioning defendant’s title. «
Defendant also pleads the prescription of 10 years.
- He maintains in the alternative if the suit is decided against him that he is entitled to his improvements.
Our learned brother of the district court overruled the plea of estoppel and maintained the plea of prescription as to Emile Es-trade, Emanuel Estrade, and Mrs. Josephine Estrade, and overruled it as to the other plaintiffs, to wit, Pierre Estrade, Leon Eti-enne Estrade, Miss Lebnie Julia Estrade, and Mrs. Blanche Adeline Estrade, wife of Charles Perigo.
Judgment was rendered in favor of John Ilenry Kaack, the defendant, and against the plaintiffs, Emile and Emanuel Estrade and Mrs. Josephine A. Perigo, Leonie Julia, and Leon Etienne Estrade.
Defendant, averring that he is aggrieved by the judgment rendered against him in favor of the two plaintiffs, Pierre Estrade and Mathilde Miriam Estrade, moved for an appeal, which was allowed.
Suggesting that he is aggrieved by the final judgment herein rendered against him in favor of the two plaintiffs, Pierre Estrade and Mathilde Miriam Estrade, and that he wishes to appeal from-said judgment so rendered against him and in their favor, but that he is satisfied with the judgment casting *29 the other six coplaintiffs, and, therefore, does mot appeal from same.
It follows from the foregoing that defendant has no ground of complaint against the other heirs aboye named, against whom he has obtained judgment.
These six heirs have not appealed.
The property belonged to the community dissolved by the death of Mrs. Josephine Es-trade. The number of the children were eight; six minors, and two of age.
The judge of ’ the district court decided against the heirs who were minors at the date of the sale and maintained the ratification which had been made by a family meeting, held subsequent to the sale. The court decided in favor of the two major heirs who were of age at the date of the sale.
Opinion and Judgment.
There were serious defects in the proceedings which led up to the sale. There are grounds of nullity beyond all question. But it was a sale which could be ratified. Indeed, it was ratified by the effect of the law, for it is provided, that in matter of a judgment rendered against a party without his having been cited, or in matter of a judgment rendered toy an incompetent judge, if the one interested be within the limits of the parish, he can be held bound by the adjudication to which not the least objection was offered. In such a case, the informality, though of fatal nature, can be cured if the defendant were present in the parish and yet suffered the judgment to be executed without opposition.
The heirs in this instance were present. They were residents of the parish of Orleans. In fact, we have before noted that they resided near the property.
Besides, the heirs, immediately after the sale, became the tenants of the defendant and appellant. They remained in the dwelling house for a few months, paid rent. This, we must hold, has the effect of committing them to the validity of the title.
Furthermore, the succession was heavily indebted; insolvent, we have reason to infer. The amount realized from the sale was applied to the payments of the debts.
Tears have since elapsed. Time may have settled the debts and the succession free from all claims owing in part to the effect of time and in other respects to the price which was realized and applied to the payment of the debts.
The two plaintiffs and appellees conveniently, were they to succeed in the suit, would enter upon the possession and ownership of the property free from the debts.
This is a right they would have only in case it clearly and conclusively appeared that they are entitled to that benefit.
The purchaser has made valuable improvements on the property. The appellees lived in the neighborhood, saw the defendant making the improvements, and never at any time intimated that they intended to claim the property. These improvements, under the circumstances, cannot be deemed theirs. They have no right to them at any price.
Further, the sale was made to.y the order of • a court of competent jurisdiction. It w.as the act of a court. The proceedings of the sale were disbursed among the creditors under the order of the court.
We have every reason to infer that the heirs received due notice of the tableau of distribution, which included the price of the property now claimed by the heirs. If they knew (we infer that they knew) that part of the amount distributed, as made to appear by the tableau homologated, was the proceeds of this sale, they have scant ground upon which to stand to recover judgment.
The court had jurisdiction beyond all question, and had authority to decide the issues.
The appellees contend that the defendant was in bad faith.
*31 We are unable to agree with that view, for we have seen that the property was sold under order of the court.
The sale of property at succession sale has different, and, in some respects, more extended, effect than the sale of property at the instance of a mortgagee or vendee, particularly if the estate he insolvent. Cross on Successions, p. 439.
The competent court is an agency delegated to dispose of property on the best terms to the end of paying creditors and of distributing the residue among the heirs.
In case of an illegality it behooves the heirs to file objection in time.
The heirs are not, as to their rights, considered as if third persons. They in time and under the circumstances have become parties to the proceedings conducted in settling the succession.
Learned counsel cites the Higginbotham Case, 120 La. 464, 45 South. 392. In this cited case, the court held that the tutor administering the estate was bound as an administrator.
The cited case was preceded by the Dumestre Case, 40 La. Ann. 573, 4 South. 328, in which the court said that the point was well settled by repeated decisions.
In other resiiects there is no analogy at all between this case and the Higginbotham Case.
The estate was solvent in the Higginboth-am Case; here it is insolvent.
There was no question of prescription or estoppel. Nor was there collusion and fraud charged in the Higginbotham Case.
Por reasons stated, it is ordered, adjudged, and decreed that as to the two plaintiffs, whose case is before us, and who are appel-lees, their petition and prayer are denied, rejected, and dismissed; the judgment appealed from is avoided, annulled, and reversed at their costs in both courts; and the claim of plaintiffs and appellees is rejected, and the title of defendant and appellant is recognized and decreed legal.