BREAUX, C. J.
Appeal from judgment rendered in the civil district court for the parish of Orleans.
The defendant instituted an action of nullity against plaintiff to annul a sale.
Plaintiff instituted two foreclosure suits to foreclose his mortgage on'property situated in New Orleans.
In the first suit, after an asserted notice and after advertisement, the property was adjudicated to a Mrs. Edmond Breaux for the sum of $2,500.
As the officer had not succeeded in locating the mortgage debtor, the counsel for plaintiff erroneously provoked the appointment of a curator ad hoc, and resorted to service through this appointee of the court. This was an absolute nullity. The defendant was not an absentee. The attorney abandoned all claims to any legality of such service on one who was not an absentee.
The sale was null and void.
Subsequently the mortgage creditor, Carrere, instituted a second suit to foreclose his mortgage.
Notice of demand was served on the mortgage debtor, Aucoin, in person in the town of Thibodeaux.
The place of defendant’s domicile was not alleged in plaintiff’s petition in foreclosure proceedings.
In due time, after the notice of demand had been handed to the defendant, Aucoin, a notice of seizure was served.
This asserted notice was left at defendant’s residence under unfavorable circumstances.
The return of the officer, written on the ■notice, states that it was served on a brother-in-law of the defendant (Aucoin defendant in foreclosure) residing in the mortgage debtor’s domicile. ■
The property was sold to the mortgagee for the price of $2,400.
*62 The defendant in executory proceedings, alleging that he is a resident of the parish of Orleans, instituted the suit of nullity first referred to above.
Aucoin, in the suit before us for decision, alleged that the property was adjudicated to Oarrere for the sum of $2,400; that the sale was null by reason of the fact that the notice of seizure and citation was served" upon him in the parish of Lafourche; that there was in consequence no service.
He claims rents and revenues.
The district court dismissed the suit of aneoin, debtor, instituted to have the proceedings of foreclosure annulled on the ground that he had no cause of action.
Aucoin appealed.
This court on the appeal reversed the judgment dismissing the suit. The cause was remanded by this court to be proceeded with according to law.
This court held that the personal service of the notice of demand served by the sheriff of Lafourche on defendant debtor was a nullity, as the officer by whom the service was made had no authority; he being sheriff of another parish than that of defendant’s domicile.
The court said, in the case cited infra, to quote literally:
“The question of estoppel by silence and acquiescence to the merits.” Same title as above, 322 La. 258, 47 South. 598.
Considerable testimony was heard on the trial of the present ease on the merits in the district court.
The mortgage debtor was a traveling salesman, in the country during the week, except on Saturdays and Sundays he would return to his home in New Orleans.
It is not disclosed that he was at his home at any time on the first-mentioned day, Saturday, in the forenoon. In consequence, no service could be made on that day.
His family, in his absence, resided with his mother-in-law in the one-half of the double cottage occupied by them.
That part mortgaged by defendant to plaintiff was his residence.
Whenever the officer called at defendant’s residence to serve papers, he received the information from the mother-in-law (who resided in a double tenement house) or other member of the family that the son-in-law, the defendant, resided on the side, of the house which was closed. To further explain, the mother-in-law resided in one side of a double tenement house, and the son-in-law and his family in the other.
The officer testified, and the plaintiff in ex-ecutory process contends, that the action and conduct of his debtor was prompted by a desire to thwart him in his endeavor to foreclose his mortgage.
It is quite evident — be the reason what it may have been — that it was impossible to serve copies of petition, notice of demand of payment, and notice of seizure upon the defendant in person or at his domicile in the city of New Orleans.
The officer testified that for some three months he exerted himself to serve the papers.
The employers of the debtor — merchants in this city — were called upon, and while at first one of the members of the firm gave information regarding the whereabouts of the defendant, thereafter, after a talk with defendant, who, he said, is an efficient and reliable traveling clerk, he declined to impart information which might lead to locating defendant on the route followed by him in the discharge of his duties.
As relates to the notice of seizure:
The facts are that it was not quite as stated in the return, for the officer declares positively that he served the notice.
The following is a brief reference to the facts as relates to this service:
*64 A stratagem or artifice was resorted to to make that service.
The officer, at his instance, was accompanied by a real estate agent, who said he called ostensibly to examine the property with the view of buying — calling at the early hour of 6 o’clock in the morning. A brother-in-law of the defendant, after he had been told that the call was by a real estate agent who wished to buy the property, stated that he resided in the side of the house in which he was — that is, in defendant’s residence; that the defendant was absent. Thereupon the sheriff offered him the papers — notice of seizure. The brother-in-law, detecting the device, quickly slammed the door. The sheriff, none the less, threw the papers through the blinds, and they fell at his (the brother-in-law’s) feet, is the testimony.
We have noted that this-court has decided, some time since, that the service or demand was not legal.
This was followed by the service of a notice of seizure under circumstances as just stated.
No question but that the defendant knew that his property had been seized by his creditor, and that he was unwilling to be served with notice.
A debtor cannot be exceedingly amiable toward his creditor when the latter seeks to exercise a right of seizure.
It is his misfortune. Service of notice is the usual course to which every unfortunate debtor is subject.
It remains that unwillingness to receive notice may be almost equivalent to notice, if it results in absolute refusal without reason to receive papers, handed to the debtor or to those who represent him in his absence.
The question before us for decision is whether the defendant has concluded himself, so that he cannot receive back the property.
If a debtor willingly places himself in a position not to be served, if he remains away and permits the proceedings to be conducted to the end, without the least protest or objection, he has scant ground upon which to stand.
It must be borne in mind that the court had jurisdiction; that its process had gone forth to the defendant for the purpose of giving him the notice and delay which the law provides.
There is a point at which, if the debtor persists in not receiving notice, he may be held bound as if he had been notified.
He cannot take advantage of his own utter unwillingness to be judicially notified.
There were not a few attempts made to duly notify defendant, but many, all in vain.
During the whole time, the defendant was within the limits of the city. Defendant’s residence was here, and there he dwelt with his family, although he was absent, as before stated.
It is not contended that the officers who had the matter of service in charge were the least negligent or wanting in activity in matter of the service. They went to the extent of calling a real estate agent to their aid, as above mentioned. They did all they could to serve the papers.
Can a debtor create a situation by act and conduct, thwart the officer, and after the sale sue and have decreed null all the proceedings, of which he was quite well aware, and of which he did not receive notices in due form only because he did not wish to receive them?
In cases in which the parties were passively indifferent, this court held them bound by the proceedings.
The Code of Practice has an article directed against a party, though not cited, if he suffers the judgment to be executed without opposing the execution.
The principle comes within the terms of article 612 of the Code of Practice.- It is *66 touched upon in the following eases: Succession of Corrigan, 42 La. Ann. 65, 7 South. 74, and the decisions cited therein; Warren v. Copp, 48 La. Ann. 815, 19 South. 746.
The issue presented received careful consideration. This court held that where a judgment had been executed, and the parties, though present and aware of the proceedings, had remained silent, nullities charged were cured. Estrade v. Kaack (No. 17, 795) 126 La. 26, 52 South. 181. This decision is particularly pertinent. Upon it we mainly- rest the case.
If one by his own act prevents compliance with that which is required, he cannot be heard to take advantage of the situation.
For the purpose of illustrating, we will go back for a few moments to the first principles regarding ownership of property.
In a sense, the property in controversy belonged to the creditor, or, at any rate, he had a real right in the property. That real right, it is true, did not give him dominion over the property; but it did secure to him a right of foreclosure.
If actively the debtor prevents the exercise of that right, he has no good ground of complaint. There comes a point when the law intervenes and interposes its protective authority to prevent the denial of a right.
It would be lamentable if a debtor could command the situation.
No one will contend that it was ever the intention of the law to deny remedy in a case such as that pending before us for decision.
Moreover, there was silence on the part of the debtor. He thereby acquiesced to an extent estopping him from instituting an action of nullity.
There was something in the character of a demand — legal, or illegal, though it may have been.
This demand, in due time, was followed by a notice of seizure.
The debtor did nothing, and permitted the property to be sold without one word of objection.
The silence of the plaintiff, Aucoin, adds strength to defendant’s (Carrere’s) position.
For reasons assigned, the judgment appealed from is avoided, annulled, and reversed. It is ordered, adjudged, and decreed that plaintiff’s demand for nullity of the judgment is rejected, and his petition dismissed, at his costs in both courts.