**(136 So. 95)**

## CULLOTTA v. GROSZ.
### No. 30844.

June 22, 1931.

Rehearing Denied July 17, 1931.

Dart & Dart and Leo L. Dubourg, all of New Orleans, for appellant.

A. D. Danziger and P. H. Stern, both of New Orleans, for appellee.

OVERTON, J.

This case presents an appeal from a judgment ordering defendant to comply with an agreement to purchase certain real property from plaintiff, located in the city of New Orleans, and to pay plaintiff, after allowing a credit of $710, the sum of $6,390, with 8 per cent. interest from May 22, 1929, until paid.

The property involved in this litigation was sold, prior to the agreement to purchase, by the Industrial Homestead Association to Mrs. Margaret Evelyn Carrol, the wife of George Francis Kroehl, who declared in the act of sale that she was purchasing with her separate and paraphernal funds, under her sole administration, and was joined in the sale by her husband to authorize her. The sale was made on May 6, 1926, for $5,600, on terms of credit, the purchase price being secured by vendor's privilege and special mortgage on the property sold. On September 27, 1928, the mortgage and the vendor's privilege were foreclosed by the Industrial Homestead Association by executory process, conducted against Mrs. Kroehl and her husband. At the sale, under these proceedings, the property was adjudicated to the Industrial Homestead Association. This association, on December 6, 1928, sold the property to the plaintiff, who, on March 20, 1929, entered into the agreement to sell it to defendant for the sum of $7,100, on terms stated in the contract, both parties reserving the right to demand specific performance.

Defendant refused to comply with his agreement to purchase. His refusal rests upon the ground that the three days' notice, prescribed by article 735 of the Code of Practice, which is ordinarily termed the demand for payment, and which was addressed to Mr. and Mrs. George Francis Kroehl, was served, so far as relates to Mrs. Kroehl, by delivery to Mr. Kroehl, at the latter's office, which is misstated in the sheriff's return as the domicile of Mrs. Kroehl, located at Baronne street and Howard avenue, Southern building, whereas, the domicile of Kroehl and his wife was in another part of the city of New Orleans.

The record discloses, over objections urged by plaintiff, based upon the right to collaterally attack the return of the sheriff, that the place where the notice was served was not the domicile of Mrs. Kroehl, but the office of Mr. Kroehl.

The contention of defendant is that, as the service of notice on Mrs. Kroehl was not made on her in person, or at her domicile, as provided by section 1, subsection 3 of Act No. 179 of 1918, the foreclosure sale is null, or, at least, so suggestive of serious litigation as not to require him to accept the title. On the other hand, aside from his objection to the collateral attack on the sheriff's return, the contention of plaintiff is that the service on Mrs. Kroehl by the delivery of process to her husband is valid under article 192 of the Code of Practice, which, so far as relates to proceedings in rem, to which class executory process belongs, is not repealed by the act of 1918, as appears from section 3 of the act.

We find that it is unnecessary to consider either the contention as to the collateral attack on the sheriff's return or the contention as to the validity of the service of the demand for payment. We may assume, without so deciding, that the collateral attack is permissible in a suit for specific performance, and that the service of the demand for payment, so far as relates to Mrs. Kroehl, is invalid, nevertheless the record shows that Mrs. Kroehl could not successfully urge the invalidity of the foreclosure sale.

Mrs. Kroehl's inability to make such attack successfully appears, because the record shows that, after service of the demand for payment, the sheriff seized the property, and served notice of seizure on Mrs. Kroehl, in person, by delivering it to her at her domicile. Article 612 of the Code of Practice may be brought to bear here. This article reads that "The nullity of a judgment rendered against a party without his having been cited, or by an incompetent judge, even if all the formalities of the law have been observed, may be demanded at any time, unless the defendant were present in the parish, and yet suffered the judgment to be executed without opposing the same."

If a person may lose the right to demand the nullity of a judgment rendered against him without citation, or by an incompetent judge, he may lose, under similar conditions, the right to demand the nullity of an execution sale for the failure to serve the demand for payment.

Here, Mrs. Kroehl had knowledge of the executory proceedings, brought to her legally by the service of the notice of seizure upon her. Though present in the city of New Orleans, where the sale was to take place, she made no opposition to it, but suffered the sale to be made. Not only did she suffer the sale to be made without opposing it, but she also by her failure to act made it possible, in the ordinary course of affairs, for the property, which it has done, to pass from the purchaser into the hands of a third person, the plaintiff herein.

So far as appears, Mrs. Kroehl has never made the slightest effort to attack the sale. Were she to attempt to attack it now, there appears no reason to think that she would be successful.

We are aware of the fact that sales made under executory process, where there was a failure to serve demand for payment, or such demand was not timely served, have been annulled, as, for instance, in Ring v. Schilkoffsky, 158 La. 361, 104 So. 115, or Birch v. Bates, 22 La. Ann. 198, but in these instances, the sales were promptly attacked, and no third person had intervened, nor did any acquiescence by silence or inaction appear. In our view, the title tendered is not suggestive of serious litigation.

The judgment is therefore affirmed.

O'NIELL, C. J., dissents especially because Mrs. Kroehl is not a party to this suit, and is therefore not bound by the decree rendered against the defendant Grosz.