This case was argued and submitted to this court in May of this year. After argument it was learned that the record, which had been withdrawn from the court by one of the counsel in the case, was missing. We were requested to give time for the record to be located and returned here.
On September 29th past, attorneys for appellants filed the following application:
"Now into Court through the undersigned counsel comes J.H. Henry, Jr., defendant-appellant in the above entitled and numbered cause and with respect represents and shows the Court:
1. "That judgment was rendered against him in this matter on July 19th, 1939, which judgment was duly signed by Judge James W. Jones of the Tenth Judicial District Court on July 26, 1939. That from this judgment appearer look a suspensive appeal to this Honorable Court.
2. "That this appeal and entire record were properly filed with this Court on or before September 17, 1939.
3. "That the said record has now been lost, misplaced or inadvertently destroyed. That a diligent search has been made for same but to no avail, as the record has not been found.
4. "But that the record consists entirely of the pleadings and written exhibits which written exhibits were certified copies of the minutes and judgment in a previous case, which was entitled Dennis Roque V.J.H. Henry, Jr., No. 5929[1] on the docket of the Court of Appeal. That no testimony was introduced in the trial of this case whatsoever and that it will be a relatively simple matter to reconstruct the record.
5. "That in the event counsel are unable to reconstruct the record that the parties should be allowed and ordered to file new pleadings and the matter tried de novo.
"Wherefore appearer prays that this Honorable Court do remand this matter to the District Court of Natchitoches for the *West Page 794 
purpose of having the record reconstructed and prays in the alternative that if the said record cannot be reconstructed that this matter be tried de novo and the parties allowed and ordered to file new pleadings in the matter and prays for all general and equitable relief and for all orders necessary and proper in the premises."
It is clear that we cannot render a decision in the case without the record before us. Therefore the application to remand is granted as prayed for.
[1] 189 So. 358.