On August 24, 1939, this case was lodged here and on September 24, 1939, the record was withdrawn by counsel for appellant and has never been returned to this court. It has been lost. The case was fixed for trial here in October 1941, in order that some disposition might be made of it.
Appellant filed a motion in which he set out that the record had been lost and prayed that the case be remanded to the lower court for the purpose of reconstructing the record. The motion set out that the record consisted entirely of the pleadings and written exhibits, which were copies of the minutes and judgment in a previous case on the docket of this court; that there was no oral testimony introduced on the trial below and that it would be a simple matter to reconstruct the record but, in case counsel are unable to reconstruct it, that the parties be allowed and ordered to file new pleadings and the matter be tried de novo. Appellant prayed accordingly. This court granted the motion to remand as prayed for. See 4 So.2d 793.
On February 13, 1943, appellees filed in this court a motion to dismiss the appeal for the reason appellant had not reconstructed the record as ordered by this court, and for the further reason alleged that the case has become moot; that the question involved was an application to cancel an inscription in the Mortgage Records resulting from a judgment rendered and recorded on April 18, 1932, and that ten years have passed since that recordation, and therefore the inscription had prescribed and it would serve no useful purpose for the record to be made up again.
On March 14, 1943, appellant filed an answer to the motion to dismiss in which he set out that he had made numerous efforts to have copies of the pleadings substituted for the lost originals and that counsel for appellees would not agree to substitute. *Page 150 
He further alleged that on January 23, 1942, he mailed to the attorney for appellees exact copies of the petition, answer and minutes of the Court in this matter and enclosed a proposed stipulation as to the substitution of these copies for the lost originals; that not hearing from the attorney, he again, on January 29, 1942, wrote him asking if there was any objection to the copies. He received a reply to this letter on January 31, 1943, in which attorney for appellees stated he had been unable to give the matter any attention and was expecting to go to the hospital for a thirty-day period.
On February 6, 1942, appellant again wrote appellees' attorney requesting that he return the copies which he had received. No reply was received and on February 17, 1942, again by letter he requested the return of the papers and on March 18, 1943, again requested appellees' attorney to return the copies he had received by mail. On March 23, 1943, attorney for the appellees by letter promised to return the papers. Not having received the papers, on May 14, 1943, appellant again wrote requesting the return of the papers. He further stated that the only copies available of the petition and answer were the ones he had mailed to the attorney for appellees and he had persistently failed to return them and therefore appellant was powerless to reconstruct the record. Copies of all the letters and documents above alleged upon are attached to the answer.
Counsel for appellant alleged that attorney for appellees should be ordered by this court to return the documents mailed to him on January 23, 1942, in order that he might reconstruct the record.
In further answer to the motion he denies the question involved in the case has become moot and alleged that a suit to reinscribe said judgment is pending in the lower court at this time. Appellees answered appellant's answer here and attached a copy of the judgment rendered below for the purpose of showing its date, also copies of letters to the Clerk of this Court and to counsel for appellant.
It is very clear, to our minds, that the motion to dismiss cannot be sustained because the record was not reconstructed. Counsel for appellant made an offer to reconstruct the record and was prevented from doing so by the failure of counsel for appellees to return to him the copies of the pleadings necessary to reconstruct the record. Appellees' counsel states he was ill and confined in the hospital for some time and that the documents were misplaced. Regardless of the reason, attorney for appellees held the papers and cannot now complain of the record not being reconstructed when he was the one to prevent it.
It is unnecessary for us to pass upon appellant's prayer for an order commanding appellees' counsel to return the documents for the reason in open Court when this motion was tried both counsel informed us that the papers and documents had been returned a few days before the trial date. The documents appellant claims are necessary to reconstruct the record are now in his hands.
The other reason urged for dismissal argued by appellees that the case has become moot because the judgment has prescribed is without merit at this time. There is no record in the case other than applying to the motion to dismiss. If there is any merit in the motion, the proper time to present it is when the record is reconstructed and again lodged here. Furthermore, under the allegations in appellant's answer that there is pending in the lower court a suit to reinscribe the judgment, evidence would be required in order for us to pass on the question.
It therefore follows that the motion to dismiss is overruled at the cost of mover.
 On Motion to Dismiss.