Defendant herein, J.H. Henry, was awarded judgment by default in April, 1932, by the District Court of Natchitoches Parish, against one Dennis Roque, under which the defendant's interest in thirty (30) acres of land in said parish was seized and advertised for sale. Roque enjoined the sale and attacked the judgment as being a nullity for lack of valid citation. The lower court sustained the attack and annulled the judgment from which Henry appealed devolutively to this court. Here, the judgment was reversed and Roque condemned to pay damages for the wrongful issuance of the injunction to the amount of One Hundred ($100) Dollars. Roque v. Henry, La.App., 189 So. 358. However, a short time before this decision was rendered, Roque executed what purports to *Page 151 
be an act of sale of the seized property unto William Bauernschmidt and Louis Culpepper. This occurred after the judgment against Roque had been timely inscribed in the mortgage records and operated as a judicial mortgage against Roque's interest in the land when seized.
On March 15, 1939, Bauernschmidt executed to A.R. Conley what purports to be a cash deed to him of his interest in the land.
On March 20, 1939, Conley and Culpepper, asserting ownership of an undivided one-third interest in the land, instituted the present proceeding in which they seek by rule to have their title to the property cleared of the effect of the inscription of Henry's judgment against Roque by erasure thereof from the records. Henry and the Clerk of Court were impleaded. They predicate their asserted right to this relief upon the judgment of the District Court rendered in Roque's injunction suit, appeal from which was then pending in this court. The rule was answered and when it came on for hearing on April 6, 1939, one week after the decision of this court sustaining the validity of the judgment against Roque, Henry's counsel objected to trial of the rule for the reason that plaintiffs in rule were without right to have the inscription of the judgment canceled because the Court of Appeal had affirmed the validity of the judgment. This position was also expressly set up in Henry's answer to the rule. The objection was overruled and the case was submitted to the court for decision. It was held under advisement until July 19, 1939, and on that date judgment was rendered in favor of plaintiffs in rule, ordering the inscription of the judgment canceled. Henry appealed suspensively from this judgment. The issues tendered thereby are now before us.
The original record after being filed in this court was loaned to one of the counsel of record, and lost. It had to be reconstructed. This incurred much delay as appears from the fact that the appeal was lodged here in 1939.
Appellant, Henry, filed here a motion to dismiss the suit for lack of interest in Conley and Culpepper to prosecute the same and stand in the judgment therein, alleging that they, on November 27, 1941, parted with their interest in the land involved by execution of an act of conveyance thereof to one D.G. Harvey. Copy of the deed is attached to the motion. Alternatively, the mover prays that the case be remanded for the purpose of taking evidence on the question tendered by the motion.
Conley and Culpepper, through counsel, moved to dismiss the appeal on the ground that the reconstructed record does not contain material evidence introduced in their behalf. Alternatively they submit that the primary question tendered by this appeal has become and is now moot, and for this reason the appeal should be dismissed. Their position is predicated upon the alleged peremption of the inscription of the original judgment in Henry's favor and against Roque. It is alleged that this judgment was recorded in the mortgage records of Natchitoches Parish on April 18, 1932, and has not since been reinscribed. Therefore, they argue, its operative effect as a mortgage against said land has ceased, since the land has gone into the hands of bona fide purchasers. Henry's counsel, replying to the appellees' motion, stated that notice of lis pendens in the Henry-Roque suit was properly inscribed and, in addition, that a suit to revive the judgment against Roque had been filed in Rapides Parish District Court and had been prosecuted to favorable judgment, notwithstanding that Roque had made a voluntary surrender in bankruptcy.
To finally adjudicate the issues raised by the two motions, which are closely linked with the merits, original evidence will have to be introduced. This court is without jurisdiction to try issues of that character and for this reason it is our obvious duty and right to set aside the judgment and remand the case for new trial of the issues originally raised and for trial of the issues tendered by the motions to dismiss.
For the reasons herein assigned, the judgment appealed from is set aside and this case is remanded to the lower court to be further proceeded with in accordance with law and the views herein expressed. Cost of appeal shall be paid equally by the parties; liability for payment of other costs will await final decision in the case. *Page 152