202 So.2d 294 (1967)
The WHITE MOTOR COMPANY
v.
PIGGY BAK CARTAGE CORPORATION and William S. Vincent.
No. 2710.
Court of Appeal of Louisiana, Fourth Circuit.
July 5, 1967.
Rehearing Denied October 4, 1967.
*295 Sessions, Fishman, Rosenson, Snellings & Boisfontaine, Frank J. Stich, Jr., New Orleans, for plaintiff-appellee.
Henican, James & Cleveland, Emile J. Dreuil, Jr., New Orleans, for defendants-appellants.
Before SAMUEL, CHASEZ and HALL, JJ.
SAMUEL, Judge.
On November 29, 1961 plaintiff sold three trucks to Piggy Bak Cartage Corporation which furnished a chattel mortgage on each truck to secure the payment of its three promissory notes for the credit portion of the purchase price. The chattel mortgages were executed for Piggy Bak by its president, William S. Vincent, who also personally guaranteed punctual payment of the notes.
On October 23, 1963 plaintiff instituted a suit for executory process to enforce payment of the notes which were then in default and the trial judge granted the usual order of seizure and sale. Although plaintiff had failed to produce authentic evidence of Vincent's authority from Piggy Bak to execute the chattel mortgages, no *296 appeal was taken from the order of seizure and sale and no attempt was made to enjoin the same. In due course the trucks were seized and sold with appraisement at public auction by the Civil Sheriff of Orleans Parish. The sale brought the required two-thirds of the appraised value. Two of the three trucks were adjudicated by the sheriff to a third party, Dennis-Sheen Transfer, Inc. The third truck was adjudicated to plaintiff which very shortly thereafter sold that truck to the same third party, Dennis-Sheen Transfer, Inc. Thus the three trucks had passed into the hands of a third party within a short time after the foreclosure sale. The net proceeds of the sale, which were insufficient to satisfy the indebtedness on the notes, were applied to that indebtedness.
Plaintiff then instituted this suit for a deficiency judgment against Piggy Bak and Vincent. For the first time, by exceptions (which were overruled) and in answer, defendants then asserted the defense of nullity of the foreclosure proceedings. After trial on the merits there was judgment in favor of plaintiff and against the two defendants in the amount of the deficiency. Defendants have appealed.
In this court defendants limit their appeal to a single issue, the contention that a creditor cannot recover a deficiency judgment against a debtor corporation and its personal surety when the foreclosure is via executiva and the creditor has failed to produce authentic evidence of the debtor corporation's authorization to its agent to execute the corporate mortgage or mortgages foreclosed upon. They argue: the order of seizure and sale in the instant case was illegal and null because of plaintiff's failure to produce sufficient authentic evidence to support the same (referring only to the absence of authentic evidence of Vincent's authorization to execute the chattel mortgages); as a result of that illegal and null order there was no legal appraisal; and, because of the absence of a legal appraisal, there can be no deficiency judgment under LSA-R.S. 13:4106 and LSA-C.C.P. Art. 2771, which provide that a deficiency judgment cannot be obtained when the judicial sale is made without appraisement. There is no complaint that the appraisement itself was improper in any way.
If a suspensive appeal had been taken from the order of seizure and sale in the instant case, or if an injunction proceeding to arrest the seizure and sale had been filed before the judicial sale, clearly the order would have been vacated on the ground it had been issued without sufficient authentic evidence. LSA-C.C.P. Arts. 2635(3), 2636(4) and 2751; Snell v. Amite Oil Co., 178 La. 176, 151 So. 70; Interstate Trust & Banking Co. v. Powell Bros. & Sanders Co., 126 La. 22, 52 So. 179; Crescent-City Bank v. Blanque, 32 La.Ann. 264.
But as a general rule, in the absence of fraud, ill practices, lack of notice or lack of jurisdiction, once the property is adjudicated and is in the hands of innocent third parties a mortgagor is estopped from complaining that the order for executory process was signed without sufficient authentic evidence. Cullotta v. Grosz, 173 La. 83, 136 So. 95; Huber v. Jennings-Heywood Oil Syndicate, 111 La. 747, 35 So. 889; Miller v. People's Homestead Savings Ass'n, La.App., 161 So. 656.
Here the property has been adjudicated and is in the hands of an innocent third party. And we know of no compelling reason why the general rule just stated should not be applicable simply because, as here, the debtor is not seeking to annul the sale directly. An attack on the validity of an executory proceeding based on minor formal irregularities which results in the nullity of that proceeding inevitably must adversely affect the stability of all judicial sales made under executory process. Nor do we consider it unreasonable to require that a mortgage debtor assert such defenses in the manner and at the time afforded to him, i. e., by appeal *297 from the order of seizure and sale or by injunction proceeding filed prior to the sale, if the property which has been adjudicated is not in the possession of a person responsible for the irregularities. See 25 La. L.Rev. 894.
With only one possible exception, the cases cited by appellants in support of their contention are not apropos. Those cases are Viley v. Wall, 154 La. 221, 97 So. 409, Doherty v. Randazzo, La.App., 128 So.2d 669, Mack Trucks, Inc. v. Dixon, La.App., 142 So.2d 605, Tapp v. Guaranty Finance Company, La.App., 158 So.2d 228, and Bickham Motors, Inc. v. Crain, La.App., 185 So.2d 271.
Viley is based on fraud and conspiracy to defraud; in Doherty the mortgaged property was adjudicated to the seizing mortgage creditor and was still in his possession; and Mack Trucks is based on the fact that the court which issued the order of seizure and sale was without jurisdiction to do so. Bickham was a suit for a deficiency judgment following the sale of a truck under executory process and the court did dismiss the plaintiff's demand on the ground that the judicial sale had been made with the equivalent of no appraisement due to the fact that the plaintiff, consent keeper of the vehicle after seizure, through its gross negligence and neglect had allowed the truck to depreciate in value to the point that it was practically worthless. The truck had been purchased on April 23, 1959 for $5,718.96. It was seized on January 11, 1960 when it had been driven only approximately 6,000 miles. When eventually sold the price of adjudication was only $90. The court might have said with some justification that for all practical purposes the defendant was deprived of any sale at all. In any event, on its facts, Bickham is clearly distinguishable.
From our reading of the opinion in Tapp we cannot ascertain whether the involved property was or was not in the possession of an innocent third person at the time of the suit. If it was not in such hands we are in agreement with the conclusion there reached on the question now before us.
The judgment appealed from is affirmed.
Affirmed.